HENRY F. TURNER, Judge pro tern.
This case presents a suit against two “special police officers” and five corporate defendants who are alleged to have been their employers. Plaintiff alleges that she was assaulted by these “special officers” in the parking lot of a shopping center at Washington Street and South. Claiborne Avenue in the City of New Orleans, where all of the corporate defendants operate re *832 tail stores. She further alleges that she was publicly abused, illegally detained and caused to be arrested on false charges by the two individuals.
The “special officers” were not served with process, although one of them answered plaintiff’s suit. Two of the corporations operating stores in the center have answered the suit, and it is from adverse rulings on preliminary motions by the other three that plaintiff took this appeal.
Defendant T. G. & Y. Stores filed a motion to strike certain allegations of plaintiff’s petition on March 22, 1963. This rule was set for hearing on May 3, 1963, by a Judge of one Division of the Court below. The plaintiff, contending that this forty-three-day delay constituted an improper dilatory tactic which did not interrupt the running of the time for filing an answer or exception, entered a preliminary default against T. G. & Y. Stores on March 28, 1963, in another Division of the Court. This • defendant later filed a motion to recall and set aside the entry of preliminary default, and judgment was ultimately rendered in its favor. To this ruling plaintiff takes exception.
While this subject is not specifically dealt with in the Code of Civil Procedure, the reason is no doubt due to the fact that it was considered obvious that a default could not be taken while any preliminary objection to a petition remained undecided. If the plaintiff considered the motion to strike an improper dilatory tactic and the time allowed by the Judge for hearing on it too long, his recourse was to the supervisory jurisdiction of this Court and not to enter a preliminary default. The ruling recalling and setting aside the entry is maintained.
On April 23, defendant Winn-Dixie Louisiana, Inc., filed a motion for summary judgment. This judgment was granted on May 7, on the basis of affidavits by the Assistant Divisional Manager of defendant that the two special officers to his knowledge were not employed by Winn-Dixie in any capacity, were not paid any remuneration or salary by them, were not authorized to perform any services for them, and that Winn-Dixie did not contribute to any fund for the payment of fees or salary to them, or maintain any relationship or agreement with them. The affidavit also stated that the records of the corporation did not reveal anything regarding these defendants. One of the special officers filed an affidavit to like effect. Plaintiff filed no counter affidavits but now contends that the summary judgment was improperly granted.
The original petition states no cause of action against the corporate defendant except on a theory of respondeat superior. Facts necessary to this theory are completely negated by the affidavits. The failure of defendants to substantiate the affidavit of its employees with its corporate records does not impress us as significant, and we see no reason for reversing the Trial Judge in the findings on which he based his judgment.
At the hearing of T. G. & Y. Stores’ motion to strike on May 3, plaintiff was ordered to amend her petition. On May 20, an amended and supplemental petition and order for filing thereof was left with the Judge of another Division of the Court for signing. On May 24, T. G. & Y. Stores filed a motion for summary judgment against plaintiff’s original petition based on affidavits similar to those filed by Winn-Dixie. The order permitting the filing of the amended and supplemental petition had not been signed at this time. The judgment was granted on May 31, and the order for plaintiff to amend her petition was set aside. On June 4, the order for the supplemental and amended petition was signed by the Judge of still another Division of the Court. On July 8, in the Division of the Court to which the case had been assigned, T. G. & Y. Stores filed a rule to show cause why the order permitting the amended and supplemental petition should not be set aside. A similar rule was taken by Winn-Dixie on August 12. On October 11, judg *833 ment was granted in favor of these two defendants on these rules. The Judge who granted the summary judgment in favor of T. G. & Y. Stores and in whose Division the order to permit the filing of the amended and supplemental petition was left, states in his reasons for judgment that he refused to grant the order and that he had no knowledge of how the judgment came to be signed by the Judge of another Division.
Plaintiff clearly had no right to file the supplemental and amended petition as to Winn-Dixie after the rendition of the summary judgment in its favor. As to this defendant, plaintiff’s only recourse was an appeal from the summary judgment and that judgment has been considered above.
The amended and supplemental petition alleges that the parking lot where this incident occurred is operated for the benefit of all of the corporate defendants and that they had knowledge of and sanctioned the activities of the special officers in the parking lot. She also alleges that the two special officers operated under the name of “Federal Patrol Agency”.
 The allegation of knowledge and approval of the activities in the parking lot by appellees without any allegation of ownership or some legal right of control thereover, by them, does not state a cause of action for what may be tortious acts there by third persons. Our law imposes no duty on a property owner or other person to supervise the conduct of his neighbors, even though he may incidentally derive some benefit from the neighbor’s property or acts. The allegation of the pseudonym used by the “special officers” did not, in the opinion of the Trial Judge, effect the validity of the affidavits filed by appellees as a basis for the summary judgments.
The refusal of the Trial Judge to permit the filing of the supplemental and amended petition under LSA-C.C.P. art. 1151 and the subsequent order setting aside its filing in another Division of the Court were not erroneous. The supplemental petition contained no material allegations in aid of her cause.
The defendant Gulf Mills Discount Department Stores answered both the original and amended petitions filed by plaintiff and on September 26, filed a motion for summary judgment based on affidavits similar to those filed by T. G. & Y. Stores and Winn-Dixie. To this motion plaintiff filed an exception of no cause or right of action. The summary judgment was granted on October 11, after the judgment setting aside the order permitting the filing of the supplemental petition was rendered. What we have said of the summary judgments for the other two defendants and of the supplemental and amended petition is, of course, equally true here. Plaintiff’s contention that her exception should have been ruled on before the summary judgment was entered for this defendant is without merit. An exception of no cause or right of action relates to a judicial demand for legal redress and has for its ultimate purpose the dismissal or rejection of the demand. A motion for summary judgment is not an assertion of a cause or right of action and, therefore, cannot be met by such exception. The propriety of use of summary judgment procedure under the circumstances presented here is a question to be considered on the hearing of the motion, and no formal pleading is necessary to make objection thereto. No grounds for objection to the use of the procedure here have been brought to our attention.
The judgments appealed from in this case are affirmed, at plaintiff’s costs.
Affirmed