346 So.2d 831 (1977)
Paula Kay COBB
v.
COLEMAN OLDSMOBILE, INC.
No. 11311.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
*832 Arthur J. Cobb, Baton Rouge, for plaintiff-appellee.
Robert L. Kleinpeter, Baton Rouge, for defendant-appellant.
Before ELLIS, CHIASSON and PONDER, JJ.
ELLIS, Judge.
Defendant Coleman Oldsmobile, Inc., by this appeal, asks us to set aside a default judgment in favor of plaintiff Paula K. Cobb on the ground that the judgment was improvidently rendered.
The record shows that this suit was filed on June 21, 1976, personal service made on the defendant on June 29th, and a preliminary default entered on July 20, 1976. On July 23rd, defendant filed a pleading styled "Motion for Summary Judgment", reading, in pertinent part, as follows:

"1.
"That as will appear from the petition filed herein and the annexed affidavits, the following undisputed facts are established:
"(a) Plaintiff purchased a 1974 BMW Bavaria automobile on October 31, 1974 from defendant, Coleman Oldsmobile, Inc.
* * * * * *

"2.
"That there are no material issues of fact; that as a matter of law an action in redhibition prescribes with the lapse of one year, . . ."
* * * * * *
"WHEREFORE, mover prays that this motion for summary judgment be sustained and that accordingly, plaintiff's suit be dismissed with prejudice and at plaintiff's cost and for such additional relief as the law, equity and nature of the case may permit."
On July 26, 1976, with both judge and counsel for plaintiff unaware that the foregoing pleading had been filed, evidence was offered on confirmation of the default, and the case taken under advisement by the trial judge. On August 2, 1976, he signed a judgment in favor of plaintiff.
In this court, defendant avers that the lower court could not render a valid default judgment because the Motion for Summary Judgment had been filed prior thereto.
The following codal provisions are relevant.
"Art. 1001. Delay for answering
"A defendant shall file his answer within fifteen days after service of citation upon him, except as otherwise provided by law.
"When an exception is filed prior to answer and is overruled or referred to the merits, or is sustained and an amendment of the petition ordered, the answer shall be filed within ten days after the exception is overruled or referred to the merits, or ten days after service of the amended petition.
"The court may grant additional time for answering."
"Art. 1701. Judgment by default
"If a defendant in the principal or incidental demand fails to answer within the time prescribed by law, judgment by default may be entered against him. The judgment may be obtained by oral motion on open court or by written motion, either of which shall be entered in the *833 minutes of the court, but the judgment shall consist merely of an entry in the minutes."
"Art. 1702. Confirmation of default judgment
"A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
"When the sum due is on an open account, promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required."
"Art. 1843. Judgment by default.
"A judgment by default is that which is rendered against a defendant who fails to plead within the time prescribed by law."
It would appear from a reading of the above provisions that the only pleadings which operate as a bar to a default judgment are an answer, which necessitates a trial on the merits, and an exception, which extends the time for answering until after the exception has been disposed of. Nevertheless, it has been held that the filing of any preliminary objection to the petition will prevent the taking of a preliminary default. Johnson v. Walgreen Louisiana Co., 163 So.2d 830 (La.App. 4th Cir. 1964). The holding in this case has been severely criticized, however. See The Work of the Louisiana Appellate Courts for the 1963-1964 Term, Henry G. McMahon, Civil Procedure, XXV Louisiana Law Review, 433, 442 (1965). Although this court has, in dictum, cited Johnson v. Walgreen Louisiana Co., supra, with approval, we are not constrained to question the rule pronounced therein, in view of the codal authorities above cited, and Professor McMahon's criticism thereon. See Raborn v. Donica, 334 So.2d 471 (La.App. 1st Cir. 1976).
We need not decide that question at this time, however, since we are persuaded that the so-called "Motion for Summary Judgment" is, in substance, an exception of prescription. It is a well recognized principle of law in Louisiana that a pleading is classed by virtue of what is contends rather than what it is called. Article 865, Code of Civil Procedure; Chachere v. Moses George & Son, 165 So. 522 (La.App. 1st Cir. 1936); Bulova Watch Co. v. Nobles, 71 So.2d 396 (La.App. 1st Cir. 1954); Mid-City Investment Co. v. Young, 238 So.2d 780 (La.App. 1st Cir. 1970).
The "Motion for Summary Judgment" states all of the essential allegations for an exception of prescription, and the relief sought is the dismissal of the suit on that account. We think the "motion" should be considered as a peremptory exception of prescription. Under the provisions of Article 1001 of the Code of Civil Procedure, supra, if an exception is filed prior to answer, the delay for answering is extended until ten days after the exception is overruled.
The peremptory exception may be filed at any time, so that it was properly before the court despite the entry of a preliminary default on July 20th, three days before it was filed. Since the exception has not yet been disposed of by the trial court, the delay for answering has not yet expired, and, under Article 1702, supra, the default judgment could not be legally confirmed.
Since we have reached the conclusion that the judgment below must be reversed, we need not consider the other contentions advanced by the parties.
The judgment appealed from is reversed and set aside, and the case remanded to the trial court for further proceedings in accordance with law. Plaintiff shall pay the costs of this appeal. All other costs shall await the final disposition of this case on its merits.
REVERSED AND REMANDED.