PONDER, Judge,
concurring.
In the concursus proceeding “T. M. Thurman, d/b/a Thurman Electric Company v. Star Electric Supply Inc., et al.”, Star filed an “Answer to Petition for Concursus, Re-conventional and Third Party Demands,” alleging it was due a money judgment plus penalties, attorney’s fee and interest on all sums and, since proper demand had been made on the sureties, it was entitled to statutory penalties and reasonable attorney’s fee. The prayer included a request for judgment against Fidelity and Deposit Company of Maryland, Aetna Casualty and Surety Company, Charles Carter & Company, Inc., Mel Thurman, d/b/a Thurman Electric Company, and the State of Louisiana through the Department of Education for the demanded sum plus statutory penalties, attorney’s fee, interest and costs.
The judgment in that suit denied Star’s claim for the deposit and included the following:
“It Is Further Ordered, Adjudged and Decreed that the Third Party claim of Star Electric Supply Inc. against the Fidelity and Deposit Company of Maryland, Aetna Casualty and Surety Company and Charles Carter and Company, Inc. is denied.
“It is Further Ordered, Adjudged and Decreed that the Reconventional Demand filed by Star Electric Supply, Inc. against T. M. Thurman d/b/a Thurman Electric Company and Southeastern Louisiana University through the State Board of Education of the State of Louisiana is denied.”
The decisions of the Court of Appeal and the Supreme Court gave Star judgment for the deposited amount less accrued court costs but said nothing in regard to the penalties, attorney’s fees and interest.
In the present suit Star asked for judgment against the same parties for the sum sued for “plus penalties and a reasonable attorney’s fee to be fixed and awarded by this Honorable Court in accordance with law together with interest on all sums at the legal rate from date of judicial demand until paid and for all costs of these proceedings”. The pretrial order showed that the plaintiff claimed there remained a portion of the original price due and owing, and that plaintiff was seeking attorney’s fees, interest and all costs.
LSA-C.C. Art. 2286 reads as follows:
*651 “The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
In a so-called “Peremptory Exception of No Cause of Action” filed by Thurman, he alleges that “the instant suit is founded on the same cause of action, the same issues, and is between the same parties. . . . ”
The courts should look at the substance of a pleading rather than at the title. Cobb v. Coleman Oldsmobile, Inc., 346 So.2d 831 (La.App. 1st Cir. 1977).
I believe that the allegations made the pleading an exception of res judicata and that the requisites for that plea have been met. LSA-C.C. Art. 2286, supra; Comment, The Louisiana Concept of Res Judica-ta, 34 La.L.R. 763.
I would therefore maintain the exception of res judicata and dismiss the suit. However, the majority reaches this same conclusion through another route. I therefore concur in the result.