466 So.2d 703 (1985)
Alonzo BOOTH, Individually and as the Administrator of Estate of His Minor Children, Alonzo Booth, Jr., Shawna Booth, Shawn Booth and Mrs. Mildred Booth
v.
ALLSTATE INSURANCE COMPANY and John Jackson.
No. CA 2527.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1985.
*704 J. Nelson Mayer III, Heisler & Wysocki, New Orleans, for plaintiffs-appellants.
Joseph F. Lahatte, Jr., Berrigan, Danielson, Litchfield & Olsen, New Orleans, for defendant-appellee.
Before GULOTTA, SCHOTT and KLEES, JJ.
SCHOTT, Judge.
The narrow issue in this case is whether plaintiffs may file a supplemental and amended petition after the case has been tried and judgment has been rendered adding their own uninsured motorist insurer as an additional defendant. The trial judge originally allowed the filing of the amendment, but revoked his authorization and dismissed the amending petition on motion filed by the insurer after it was served with the amending petition. Plaintiffs appealed from this judgment.
The case arose out of an automobile accident which took place on November 9, 1980. The automobile was owned by Alonzo Booth, driven by Mrs. Booth, and occupied by their three minor children. The Booths sued John Jackson, the driver of the other automobile involved in the accident, and his insurer, Allstate Insurance Company. They filed a third party demand seeking contribution from the Booths and their liability insurer, Ambassador Insurance Company. The case was tried to a jury and resulted in a judgment on October 20, 1982 in favor of Mrs. Booth for $14,000, Mr. Booth for $1,225, and each child for $1,500 against Jackson and Allstate and in favor of the Booths and Ambassador dismissing the third party demand.
On October 28, 1982 the Booths filed a supplemental and amending petition in which they alleged that Allstate had insufficient limits of liability to cover the amount of damages to which Mrs. Booth was entitled and that Ambassador provided underinsured benefits to the Booths. They prayed for judgment against Ambassador for $37,000, which Mrs. Booth had sued for in the Booths' original petition. The trial judge signed an ex parte order authorizing the filing of the supplemental petition which was served on Ambassador through the Secretary of State in June, 1983. In the meantime, on November 15, 1982 the Booths executed a certificate of docket satisfaction in which they acknowledged full payment in satisfaction of their judgment against Jackson and Allstate. In September, 1983 Ambassador filed a motion to revoke the court's authorization of the filing of the Booths' supplemental petition. Following a contradictory hearing the trial court made Ambassador's rule absolute and dismissed the supplemental petition.
*705 Plaintiffs cite no authority for their position that they were entitled to proceed with their supplemental petition. Since the case had been tried and a judgment rendered there was no longer a pending petition to be amended. LSA-C.C.P. Art. 1151 cannot be construed to authorize the filing of an amendment to a petition which has been fully disposed of by the court with a final judgment. At this stage of the proceedings the only remedies available to plaintiffs were to apply for a new trial or to take an appeal. Templet v. Johns, 417 So.2d 433 (La.App. 1st Cir.1982); Johnson v. Walgreen Louisiana Co., 163 So.2d 830 (La.App.4th Cir.1964).
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.