## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-1495


**ROGER RIVERS**

**VERSUS**

**BO EZERNACK HAULING CONTRACTOR, LLC, ET AL.**


************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 2
PARISH OF RAPIDES, NO. 09-05912
JAMES BRADDOCK, WORKERS' COMPENSATION JUDGE

************

**DAVID E. CHATELAIN***
**JUDGE**

************

Court composed of John D. Saunders, Billy Howard Ezell, and David E. Chatelain, Judges.


**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

**Donald J. Anzelmo**
**Snellings, Breard, Sartor,**
  **Inabnett & Trascher, L.L.P.**
**1503 North 19th Street**
**Monroe, Louisiana  71201**
**(318) 387-8000**
**Counsel for Defendants/Appellees:**
      **Bo Ezernack Hauling Contractor, LLC**
      **Bridgefield Casualty Insurance Company**

---

*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**R. Bray Williams**
**Williams Family Law Firm, L.L.C.**
**Post Office Box 15**
**Natchitoches, Louisiana  71458-0015**
**(318) 352-6695**
**Counsel for Plaintiff/Appellant:**
**Roger Rivers**

**CHATELAIN, Judge.**

In this workers' compensation case, the claimant appeals the dismissal of his claim which sought a judgment ordering his employer to approve cervical surgery his treating physician recommended and to pay him penalties, attorney fees, and legal interest. For the following reasons, we reverse the judgment of the workers' compensation judge and remand for further proceedings.

## FACTS

The facts are undisputed. On October 10, 2007, Roger Rivers was involved in an accident which occurred during the course and scope of his employment with Bo Ezernack Hauling Contractor, LLC, (Bo Ezernack Hauling). In March 2008, Mr. Rivers filed a disputed claim against Bo Ezernack Hauling and its insurer, Bridgefield Casualty Insurance Company, claiming that he was injured in the accident and seeking indemnity and medical benefits. The defendants did not dispute that the accident occurred; however, they did dispute that Mr. Rivers was injured and/or sustained any economic losses as a result of the accident.

Mr. Rivers' claim was tried before the workers' compensation judge on April 16, 2009. Thereafter, the workers' compensation judge rendered a judgment in favor of Mr. Rivers, finding that he was injured in the accident and ordering the defendants to pay indemnity and medical benefits, together with penalties, attorney fees, and interest from the date of demand. The judgment provided in pertinent part:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of the Claimant, Roger Rivers, and against the defendants, Bo Ezernack Hauling Contractor, L.L.C. & Bridgefield Casualty Insurance Company, to authorize and accept financial responsibility for Roger Rivers' choice of orthopedic surgeon, Dr. Pierce Nunley, to treat Mr. Rivers' cervical and lumbar spinal injuries[.]

1

The defendants filed a suspensive appeal from that judgment. After this court affirmed the judgment of the workers' compensation judge, *see Rivers v. Bo Ezernack Hauling Contractor, Inc.*, 09-991 (La.App. 3 Cir. 3/10/10), ___So.3d ___, the defendants filed a writ application with the supreme court.

On July 15, 2009, Mr. Rogers filed another disputed claim for compensation after the defendants refused to approve cervical surgery that Dr. Nunley recommended. The defendants responded by filing a declinatory exception of lis pendens, asserting that because they suspensively appealed the judgment and Mr. Rivers' claim for medical treatment was addressed in that appealed judgment, the claim at issue herein should be dismissed. The workers' compensation judge granted the defendants' exception of lis pendens without reasons.

Mr. Rivers appealed the grant of the exception of lis pendens, claiming that the prior proceeding is not lis pendens because his request that the defendants be ordered to approve and pay for the surgery Dr. Nunley recommended was not at issue therein. His argument is premised on the fact that Dr. Nunley did not recommend the surgery until after the deadline for submitting his pretrial statement had passed in the proceeding on his originally-filed disputed claim.

## DISCUSSION

The declinatory exception of lis pendens is appropriate "[w]hen two or more suits are pending in a Louisiana court or courts on the same transaction or occurrence, between the same parties in the same capacities." La.Code Civ.P. art. 531.

The rudiments of lis pendens were set forth in *Brooks Well Servicing, Inc. v. Cudd Pressure Control, Inc*., 36,723 (La.App. 2 Cir. 6/27/03), 850 So.2d 1027, *writ*

2

*denied*, 03-2606 (La. 12/12/03), 860 So.2d 1157, 1031 (citations omitted), where the court explained:

> [Louisiana Code of Civil Procedure Article] 532 gives the district court the discretion to grant a *lis pendens* exception. The test for deciding whether an exception of *lis pendens* should be granted is whether a final judgment in the first suit would be *res judicata* in the subsequently filed suit. Because *lis pendens* does not address the merits of the disputes between parties, the reviewing court considers lis pendens in the procedural and factual climate that exists at the time of review, rather than at the time of the trial court judgment. The decision of whether to stay a proceeding under the doctrine of *lis pendens* "rests in the sound discretion of the trial court," and cannot be overturned on review absent a clear abuse of that discretion.

Furthermore, "[a] suit is considered pending for Lis Pendens purposes if it is being reviewed by an appellate court." *Bd. Of Trs. Sheriff's Pension & Relief Fund v. City of New Orleans*, 01-497, p. 2 (La.App. 4 Cir. 3/13/02), 813 So.2d 543, 544.

The requirements for lis pendens set forth in Article 531 appear to be present herein: 1) two or more suits pending in Louisiana courts (March 2008 disputed claim and July 2009 disputed claim); 2) on the same transaction or occurrence (October 10, 2007 accident); and 3) between the same parties in the same capacities (Mr. Rivers allegedly injured in the course and scope of his employment, his employer, and its workers' compensation insurer). Furthermore, a judgment reversing the judgment in favor of Mr. Rivers, finding that he was not injured in the October 10, 2007 accident as claimed by the defendants, would result in his July 2009 claim being res judicata.

Louisiana Revised Statutes 13:4231 outlines the elements of res judicata and provides, in pertinent part:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or

3

occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

"The doctrine of *res judicata* is *stricti juris* and should be rejected when doubt exists as to whether a party's substantive rights have actually been previously addressed and finally resolved." *Lee v. Twin Bros. Marine Corp.*, 03-2034, pp. 3-4 (La.App. 1 Cir. 9/17/04), 897 So.2d 35, 37.

In a workers' compensation case, the pertinent lis pendens factors must be considered not only in light of the elements of res judicata but also in light of the fact that "[w]orkers' compensation judgments are . . . treated differently from ordinary judgments" because "if the rules of finality applied to ordinary civil judgments are applied to workers' compensation judgments, the flexibility of the workers' compensation system would be greatly restricted." *Falgout v. Dealers Truck Equip. Co.*, 98-3150, pp. 8-9 (La. 10/19/99), 748 So.2d 399, 405. The workers' compensation statute addresses this difference, providing the workers' compensation judge with continuing "power and jurisdiction" to modify former findings or orders regarding entitlement to compensation, La.R.S. 23:1310.8(A), and to modify prior compensation awards by "ending, diminishing, or increasing" such awards when "a change in conditions" is established. La.R.S. 23:1310.8(B). Importantly, this statute provides that "[a] judgment denying benefits is res judicata after the claimant has

4

exhausted his rights of appeal," but it does not address a judgment awarding benefits. La.R.S. 23:1310.8(E).

In *Jackson v. Iberia Parish Government*, 98-1810, pp. 9-10 (La. 4/16/99), 732 So.2d 517, 524-25 (footnote omitted), the supreme court reviewed the purpose of the modification provision of the workers' compensation statute, explaining:

> The modification statute is to be liberally construed in favor of the claimant, and that through it, the Legislature did not intend that a judgment determining the extent of a claimant's disability be res judicata, it having expressly provided that a compensation award can be subject to modification based on a change in the worker's condition. The power of modification, while not a substitute for the appellate process, exists for the purpose of modifying awards due to a change in the worker's condition. Malone, *supra*, § 284, p. 770 (3rd ed.1994). Indeed, one of its main advantages is that "it permits the [hearing officer] to make the best estimate of disability . . . at the time of the original award, although at that moment it may be impossible to predict the extent of future disability, without having to worry about being forever bound by the first appraisal." 8 Larson's Workers' Compensation Law § 81.31(a) at 1127, 1131-32 (1998).
>
> Moreover, inherent in the concept of res judicata is the principle that a party had the opportunity to raise a claim in the first adjudication, but failed to do so. LSA-RS 13:4231 (West 1991); *Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.*, 95-0654, 95-0671, p. 16 (La.1/16/96), 666 So.2d 624, 634. Indeed, the issue of Jackson's disability *at the time of trial* was amply litigated. Jackson's original judgment fixed the duration of his disability at the date of its rendition and is therefore res judicata as to that time. However, the cause of action for modification of the prior award requires litigation of Jackson's *present* disability status and its relation to the prior work-related injury, and that cause of action did not exist at the time of the first adjudication. Consequently, since the issue of Jackson's *present* disability neither existed nor was litigated in the original trial, Jackson's petition for modification cannot be barred by res judicata.
>
> Additionally, we have previously recognized that the principles of res judicata "are not ironclad, but must be applied to accomplish justice in the light of public policy." *Terrebonne Fuel, supra*, at 19, 666 So.2d at 635. Consequently, when determining whether Jackson's present petition for modification is barred by the exception of res judicata such a determination must be made with the recognition that the Legislature, through LSA-R.S. 23:1310.8 B, has taken affirmative steps to provide claimants with a cause of action to modify a prior award of

5

compensation due to an alleged change in condition. The policy behind this decision was recognized in *Harris [v. Southern Carbon Co.,* 189 La. 992, 181 So. 469 (1938)]: "In short, medical science in certain cases cannot state exactly what is the extent or duration of disability or incapacity, and if the judgment erroneously awards either too much or not enough compensation, the Legislature afforded the aggrieved party an opportunity . . . to have the error corrected." *Id.* at 474. Applying these principles to accomplish justice in light of the policy inherent in the Legislature's decision to enact LSA-R.S. 23:1310.8 B, we find that Jackson's petition for modification is not barred by res judicata.

We recognize that Mr. Rivers' claim seeking approval of the surgery Dr. Nunley recommended may not fall squarely within the parameters of La.R.S. 23:1310.8. *See Brown v. Rouse Co.*, 97-1243 (La.App. 4 Cir. 1/14/98), 706 So.2d 547, *writ denied*, 98-419 (La. 5/1/98), 805 So.2d 191, which held that the workers' compensation judge retains modification jurisdiction under La.R.S. 23:1310.8(A) where no formal award of benefits existed but ongoing benefits (such as medical) were being paid and that La. R.S. 23:1310.8(B) pertains to changes in the amount of benefits. However, we believe that the intent and purpose of La.R.S. 23:1310.8 are applicable to the facts present herein.

In the present case, Mr. Rivers filed this suit, seeking a judgment ordering the defendants to approve the surgery Dr. Nunley recommended. That prior judgment ordered the defendants "to authorize and accept financial responsibility for Roger Rivers' choice of an orthopedic surgeon, Dr. Pierce Nunley, to treat Mr. Rivers' cervical and lumbar spinal injuries" but did not specifically order them to approve the surgery Dr. Nunley recommended because that recommendation was not presented to the workers' compensation judge. While the defendants argue that the claims presented in this matter and the prior matter are "identical," a careful reading of their argument shows that they recognize the claims are not identical, as they describe the relief sought in both claims as being "virtually the same." The defendants also argue

that if the judgment is affirmed "the issues raised in the second dispute would be res judicata."

These arguments, however, ignore the fact that a workers' compensation claimant is only entitled to recover medical expenses that are "reasonably necessary" as a result of the work-related accident in which he was injured. *Bush v. Avoyelles Progress Action Comm.*, 07-685, p. 6 (La.App. 3 Cir 10/31/07), 970 So.2d 63, 68. Accordingly, a workers' compensation defendant can always challenge the medical necessity and causal relation of medical treatment recommended by a claimant's treating physician and require the claimant to prove that he is entitled to the recommended treatment. Therefore, while the supreme court's denial of the defendants' writ application would effectively affirm the workers' compensation judge's judgment in favor of Mr. Rivers, it would nonetheless not equate to a judgment ordering the defendants to approve the surgery recommended by Dr. Nunley. As a result, if this court affirms the workers' compensation judge's judgment sustaining the defendant's declinatory exception of lis pendens, Mr. Rivers claim for the recommended surgery could be even further delayed.

For these reasons, we find that the workers' compensation judge abused his discretion in granting the defendants' declinatory exception of lis pendens and reverse the judgment granting said exception.

## Disposition

The judgment of the workers' compensation judge granting the declinatory exception of lis pendens is reversed, and this matter is remanded for consideration of Roger Rivers' claim seeking approval of surgery recommended by his treating

7

physician. All costs are assessed to Bo Ezernack Hauling Contractor, LLC, and Bridge Casualty Insurance Company.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**