# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-491


MYRANDA ADKINS

VERSUS

CITY OF NATCHITOCHES, ET AL.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF NATCHITOCHES, NO. 13-02170
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Billy Howard Ezell, Judges.

**AFFIRMED AS AMENDED.**


John C. Guillet
Corkern, Crews & Gillet, LLC
P. O. Box 1036
Natchitoches, LA 71458-1036
Telephone: (318) 352-2302
COUNSEL FOR:
    Defendant/Appellee – City of Natchitoches

Richard Bray Williams
Williams Family Law Firm, L.L.C.
P. O. Box 15
Natchitoches, LA 71458-0015
Telephone: (318) 352-6695
COUNSEL FOR:
    Plaintiff/Appellant - Myranda Adkins

**THIBODEAUX, Chief Judge.**

Myranda Adkins appeals a judgment of the Office of Workers' Compensation ("OWC") granting the exception of subject matter jurisdiction filed by the City of Natchitoches ("City"), the alleged statutory employer of Ms. Adkins, and revoking her authority to amend her original claim to add the City after rendition of final judgment against her direct employer, Natchitoches Tour Company, LLC ("Tour Company").  We affirm.

## I.

## ISSUES

We must decide:

(1)    whether the trial court erred in granting the exception of subject matter jurisdiction filed by the City of Natchitoches;

(2)    whether the trial court manifestly erred in revoking its previous order allowing Ms. Adkins to amend her petition; and

(3)    whether the dismissal of the amended 1008 should have been without prejudice.

## II.

## FACTS AND PROCEDURAL HISTORY

While working for the Tour Company in 2012, the claimant, Myranda Adkins, fell from a horse-drawn carriage, struck her head, and was run over by the wheels of the carriage.  She filed a disputed claim with the OWC.  The defendant Tour Company did not answer.  Ms. Adkins subsequently obtained a default judgment against the uninsured Tour Company, and the OWC awarded her

approximately nineteen weeks of temporary total disability benefits, eighty-two weeks of benefits for permanent scarring, a $4,000.00 penalty for not paying disability benefits, $45,884.38 in medical benefits, a $5,506.13 penalty for failure to pay medical benefits, and $12,000.00 in attorney fees. After final judgment was rendered in her favor against the Tour Company, Ms. Adkins moved to amend her claim to add the City as a defendant based upon an alleged statutory employer relationship. The motion was granted, and the City filed an exception of subject matter jurisdiction. Following a hearing, the OWC granted the City's exception and revoked the previously granted authority to amend the petition. Ms. Adkins filed this appeal.

III.

## STANDARD OF REVIEW

Whether a court has subject matter jurisdiction raises a question of law which is reviewed de novo. *Gandy v. Key Realty, L.L.C.*, 13-712 (La.App. 3 Cir. 12/11/13), 128 So.3d 678; *Chavers v. Bright Truck Leasing*, 06-1011 (La.App. 3 Cir. 12/6/06), 945 So.2d 838, *writ denied*, 07-304 (La. 4/5/07), 954 So.2d 141.

IV.

## LAW AND DISCUSSION

Ms. Adkins contends that the trial court legally erred in granting the City's exception of subject matter jurisdiction and in finding that her claim could not be amended to add the City as a defendant after the matter had been tried and final judgment had been rendered against the Tour Company. She specifically asserts that the court's reliance upon *Booth v. Allstate Ins. Co.*, 466 So.2d 703 (La.App. 4 Cir. 1985), was error because *Booth* was not a workers' compensation

2

case and its application of La.Code Civ.P. art. 1151 had no bearing on the present case.

In *Booth*, the plaintiff sought to file a supplemental petition to add her uninsured motorist carrier as an additional defendant after the case had been tried and judgment had been rendered against the tortfeasor and its insurer. Revoking its prior order allowing the amendment, the *Booth* court held that Article 1151 governing the amendment of pleadings could not be construed to authorize the filing of an amendment to a petition which had been fully disposed of by the court via final judgment. *See also Johnson v. Walgreen Louisiana Co.*, 163 So.2d 830 (La.App. 4 Cir. 1964); *Templet v. Johns*, 417 So.2d 433 (La.App. 1 Cir.), *writ denied*, 420 So.2d 981 (La.1982); *Loupe v. Circle, Inc.*, 545 So.2d 694 (La.App. 5 Cir. 1989).

We disagree that these cases have no bearing, as they address the general rule that once judgment is rendered, a party's recourse is not to amend but to seek a new trial or appeal from an adverse judgment. Once final judgment has been rendered, there generally can be no amended petition as there is no longer a petition before the court to amend. *State Through La. Riverboat Gaming Com'n v. La. State Police Riverboat Gaming Enforce. Div.*, 97-0167 (La.App. 1 Cir. 6/20/97), 696 So.2d 645, *writ denied*, 97-1932 (La. 11/7/97), 703 So.2d 1269. However, the trial court can retain subject matter jurisdiction to grant supplemental relief after judgment if such relief is specifically allowed by statute. *See id.* (applied La.Code Civ.P. art. 1878 to permit a party to seek a refund of fees after a declaratory judgment ordered that gaming rules were invalid).

Here, Ms. Adkins argues that La.R.S. 23:1310.8 is the controlling statute but asserts that the trial court erred in applying the limiting language of

3

La.R.S. 23:1310.8(B) instead of allowing the amendment, which she refers to as a modification, under La.R.S. 23:1310.8(A)(1). We note that Ms. Adkins did not file a petition to modify a judgment; she seeks to add an entirely new defendant and has indicated to this court that she will retry her case and again prove her injuries. Louisiana Revised Statutes 23:1310.8(A)(1) and (B), which address the continuing jurisdiction of the OWC, provide as follows:

> A. (1) The power and jurisdiction of the workers' compensation judge over each case shall be continuing and he may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in his opinion, it may be justified, including the right to require physical examinations as provided for in R.S. 23:1123; however, upon petition filed by the employer or insurance carrier and the injured employee or other person entitled to compensation under the Worker's Compensation Act, a workers' compensation judge shall have jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition, subject to the provisions of law relating to settlements in workers compensation cases.

> . . . .

> B. Upon the motion of any party in interest, on the ground of a change in conditions, the workers' compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.

> . . . .

Because Ms. Adkins is not asserting a change in her condition under section (B), she asserts that the broader language of section (A)(1) perpetuates the OWC's jurisdiction to allow the addition of the City to the disposed of suit against

4

the Tour Company. She cites our decision in *Rivers v. Bo Ezernack Hauling Contractor, LLC*, 09-1495 (La.App. 3 Cir. 5/5/10), 37 So.3d 1088, for providing a supportive distinction between the two sections. However, the cited language is only partially quoted, and the case as a whole does not support Ms. Adkins' position.

More specifically, in *Rivers*, the claimant sought the approval of cervical surgery after a judgment finding in favor of the claimant and awarding benefits against the employer. The defendant filed an exception of lis pendens. We reversed, discussing La.R.S. 23:1310.8 in the context of lis pendens and res judicata. A panel of this court stated that section (A) provides the OWC with continuing jurisdiction "to modify former findings or orders *regarding entitlement to compensation*." *Rivers*, 37 So.3d at 1091 (emphasis added). Such is not the case here, as the claimant is seeking to add an entirely new defendant to a suit resolved in her favor by final judgment. *Rivers* also involved a judgment in favor of the claimant, but in *Rivers* we indicated that the statute, La.R.S. 23:1010.8, did not address a judgment awarding benefits. Ms. Adkins quotes only part of what we said in *Rivers*, leaving out the last sentence:

> The workers' compensation statute addresses this difference, providing the workers' compensation judge with continuing "power and jurisdiction" to modify former findings or orders regarding entitlement to compensation, La.R.S. 23:1310.8(A), and to modify prior compensation awards by "ending, diminishing, or increasing" such awards when "a change in conditions" is established. La.R.S. 23:1310.8(B). *Importantly*, *this statute* provides that "[a] judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal," but it *does not address a judgment awarding benefits*. La.R.S. 23:1310.8(E).

*Rivers*, 37 So.3d at 1091 (emphasis added).

5

In *Rivers*, we found that a post-judgment claim for approval of a particular surgery did not fall squarely within the parameters of La.R.S. 23:1310.8, but we believed that the intent and purpose of the statute were applicable to the facts in *Rivers* because that case involved ongoing medical benefits. There, the judgment sought to be modified ordered the defendant to authorize and accept financial responsibility for the claimant's cervical injuries and her treatment by her surgeon of choice, Dr. Nunley. Thus, when Dr. Nunley subsequently recommended cervical surgery, we found that the issues raised by the new request for "surgery" were not identical to the general award of "treatment" by Dr. Nunley in the original judgment. We reversed the OWC's granting of the defendant's lis pendens exception, and we remanded for a consideration of the claimant's post-judgment request for surgery. Unfortunately for Ms. Adkins, *Rivers* does not support Ms. Adkins' request to add a new defendant to a disposed of suit against another party.

Ms. Adkins next points to a fourth circuit case we cited in *Rivers*, but she again fails to demonstrate support for her position. *Brown v. Rouse Co.*, 97-1243 (La.App. 4 Cir. 1/14/98), 706 So.2d 547, *writ denied*, 98-419 (La. 5/1/98), 805 So.2d 191, found that the OWC could retain modification jurisdiction under La.R.S. 23:1310.8(A)(1) where no formal award of benefits by court decree existed but where ongoing medical benefits were being paid and had not been terminated by judgment; it explained that La.R.S. 23:1310.8(B) pertains to *changes* in the amount of benefits. *Brown* further stated the court's opinion that "the continuing jurisdiction described in LSA-R.S. 23:1310 A(1) refers to the power of the hearing officer to alter the nature of benefits awarded, e.g., changes from temporary total disability to supplemental earnings benefits." *Brown*, 706 So.2d at 550.

In *Brown*, the claimant filed a motion to modify a judgment of the OWC that denied disability benefits. The claimant's motion to modify was denied. The fourth circuit found no new issues that had not been previously litigated and found no change in condition or circumstance that would warrant reopening the judgment. The court articulated:

> [T]he claimant does not contend that her physical condition as a result of the accident is any worse or different now than it was at the time her claim for disability benefits was denied. . . . Her argument is based entirely on the proposition that she now has better proof of the disability she failed to prove initially. Neither LSA-R.S. 23:1310 A(1) nor 23:1310 B is intended to allow the parties to relitigate what has already been litigated under the guise of continuing jurisdiction or the power of modification. Claimant's theory of the case would provide her with limitless bites at the apple in hopes of eventually finding a more sympathetic audience. Claimant must either advance an issue in an open case that has not previously been litigated or show a change in condition or a change of circumstances before she can even approach the threshold of continuing jurisdiction or the power of modification. LSA-R.S. 23:1310 A(1) and 23:1310 B apply to new issues or circumstances, not new evidence. Claimant has shown no new issues and no new circumstances.

*Brown*, 706 So.2d at 551 (footnote omitted).

Both *Rivers* and *Brown* involved a post-judgment request for medical determinations. *Rivers* allowed the modification because of the new issue of surgery, and *Brown* denied the modification because no new issues were identified. Neither addressed the addition of a party defendant after a final judgment against a different party had been rendered. Ms. Adkins does not cite a case which supports continuing jurisdiction under La.R.S. 23:1310.8 for the post-judgment addition of a party, nor have we located one. We, therefore, find that the OWC did not err in granting the City's exception of subject matter jurisdiction.

7

With regard to Ms. Adkins' complaint that the OWC erroneously revoked its leave to amend sua sponte, we disagree. The trial court revoked its prior order granting leave to amend *after* the hearing on the City's exception of subject matter jurisdiction. Moreover, the court has the duty to examine subject matter jurisdiction sua sponte, even where the litigants have not raised the issue. *Otwell v. Otwell*, 10-1176 (La.App. 3 Cir. 2/9/11), 56 So.3d 1232 (citing *Boudreaux v. State, DOTD*, 01-1329 (La. 2/26/02), 815 So.2d 7).

While we find that the OWC did not have continuing jurisdiction under La.R.S. 23:1310.8 to allow the addition of the City as a defendant to a suit previously resolved by final judgment against the Tour Company, the merits of the statutory employer claim were never litigated or made part of the judgment. The statutory employer claim may or may not be valid. Because the granting of the exception was not determinative of the merits of the statutory employer claim, the judgment granting the exception should have been without prejudice. *See Aswell v. U.S. Fidelity & Guaranty Co.*, 244 So.2d 243 (La.App. 3 Cir. 1971); *IberiaBank v. Live Oak Circle Development, L.L.C.*, 12-1636 (La.App. 1 Cir. 5/13/13), 118 So.3d 27; *and see* La.Code Civ.P. arts. 1673, 1841, 1844, and La.R.S. 13:4231(3).[1] Accordingly, we amend the OWC judgment to indicate that the exception is granted without prejudice.

---

[1]Art. 1673. Effect of dismissal with or without prejudice

A judgment of dismissal with prejudice shall have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.

V.

## <u>CONCLUSION</u>

Based upon the foregoing, the judgment granting the City's exception of subject matter jurisdiction is amended to indicate that it is without prejudice. As amended, it is affirmed. Costs of this appeal are assessed equally between the parties.

**AFFIRMED AS AMENDED.**