GRISBAUM, Judge.
This appeal relates to the granting of a motion for summary judgment. We affirm.
FACTS
The plaintiff, Mr. Russell Loupe, filed a worker’s compensation suit during March of 1983. On November 30, 1983, he filed an amended petition adding Union Carbide as a defendant in the same suit. The record shows he was employed by Circle, Inc.; however, he was on Union Carbide’s work site at the time of the accident. The plaintiff’s amended petition states that
On or about December 1, 1982, Union Carbide Corp[.] owned and operated the premises where plaintiff was hurt as set forth in the original petition. The premises were entirely under the control of Union Carbide and those companies working for it, and an explosion occurred which was caused by the negligence of this defendant in failing to take due care, failing to adequately supervise its employees, failure to observe safe work procedures, and in failing to adequately control the ultra hazardous operations it was conducting at the time.
Plaintiff claims the benefit of all laws pertaining to strict liability. After the explosion, which was surely not part of *270 Union Carbide’s usual trade or business, plaintiffs employer and specifically plaintiff were required to deal with the after-effects of the explosion and that is the reason why plaintiff was on Union Carbide’s premises at the time he was hurt.
Thereafter, Union Carbide filed an exception of no cause of action and a motion for summary judgment, claiming “that there is no material issue of fact and that Union Carbide Corporation is entitled to judgment as a matter of law for the reason that the explosion of December 1, 1982 was not a legal cause of the alleged injury incurred by Russell Loupe on January 6, 1983.” In support of the motion, Carbide submits a deposition of Russell James Loupe taken July 26, 1984.
Mr. Loupe states that on the day of the accident he was working for Circle, Inc. under a Circle foreman and in a crew of ten to twelve persons. The accident occurred at 5:45 p.m. He had been working about two hours at removing a pump from beneath a pipe rack, a task that required disconnecting about five feeder pipes. He and another workman were working to remove the pump. The accident occurred when the two attempted to remove the pump. As reported by Loupe, “[W]e was taking the pump out of the unit, and we grabbed each an end and just move it out to slide it out from underneath the pipe rack where it’s located underneath these pipes. And when I did that, I felt something pull in my back.” Loupe was pulling on the pump, which, he estimates, weighs between 800 and 1000 pounds. The two men had moved the pump about two inches when Loupe injured himself. No one from Union Carbide had told Loupe what to do; all orders came from Circle. After the incident, the cwo men removed , the pump and hooked it to a cherry picker to take to the shop. This took perhaps one-half hour, after which Loupe went home and realized he was in great pain.
ISSUE
The sole question presented is whether, based on the plaintiff’s allegations and their support in the record, an explosion, which occurred on December 1, 1982, can legally be deemed a cause-in-fact of the injuries sustained by the plaintiff on January 6, 1983 so as to render the summary judgment in favor of the defendant improper.
LAW
With respect to the motion for summary judgment, Union Carbide concedes its negligence in creating the explosion occurring about a month previous to the plaintiff’s injury. Since we are presented with no factual allegations that would support a strict liability theory of recovery (the claim to the benefit of such theory notwithstanding), we need only inquire whether, under a negligence rationale, the defendant was entitled to recover as a matter of law. In State Farm Mutual Ins. Co. v. South Central Bell Tele. Co., 343 So.2d 758 (La.App. 3d Cir.1977), the court stated that in order for a plaintiff to prove negligence
he most prove by a preponderance of the evidence, that defendant’s conduct was a cause-in-fact of the accident; that there was a duty imposed upon defendant under the circumstances of the case; that the risk of the particular injury which plaintiff suffered was within the scope of the protection of that duty; that defendant breached that duty; and that such breach of duty requires a response in damages.
A cause-in-fact is a substantial factor in the chain of events culminating in an accident. It is a “necessary antecedent”, [sic] Without it the accident would not have taken place. If the accident would have occurred, regardless of such cause, such cause is not a cause-in-fact.
Id. at 759-60 (citation omitted).
We are further guided by Ganey v. Beatty, 391 So.2d 545 (La.App. 3d Cir.1980), writs denied, 396 So.2d 1325 (La.1981) in its clarifying that
[t]o determine cause-in-fact, courts will carefully scrutinize all the evidence, and those acts will be adjudged causes-in-fact when it is found that more probably than not they were necessary ingredients of the accident. Stated otherwise, an act will be deemed a cause-in-fact of an acci *271 dent only when, viewed in the light of all •the evidence, it is concluded that it is a substantial factor without which the accident would not have happened.
Id. at 547 (citations omitted).
ANALYSIS
Given our jurisprudential guidelines, we now determine whether the Union Carbide explosion was the cause-in-fact of the accident and resulting injuries. After a careful review of the record in its entirety, we find, in the words of LeJeune, that the “Carbide explosion” did not set in motion “a force or series of forces which [were] ... in continuous and active operation up to the time of the harm [the accident].” LeJeune v. Allstate Ins. Co., 365 So.2d 471, 475 (La.1978), quoting Restatement (Second) of Torts § 433(b). Rather, any negligence on the part of Carbide set in motion a chain of events the forces of which had become passive and inoperative at the time of Mr. Loupe’s injury.
Therefore, there is no material issue of fact and, based on the allegations of plaintiffs amended petition and the support mustered in its favor, the explosion cannot be a cause-in-fact of the accident and resulting injury as a matter of law.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against the appellant.
AFFIRMED.