545 So.2d 694 (1989)
Russell LOUPE
v.
CIRCLE, INC., et al.
No. 89-CA-45.
Court of Appeal of Louisiana, Fifth Circuit.
June 7, 1989.
Rehearing Denied July 17, 1989.
*695 Gordon Hackman, Boutte, for plaintiff-appellant.
Paul B. Deal, John J. Hainkel, III, Lemle, Kelleher, Kohlmeyer, Dennery, Hunley, Moss & Frilot, New Orleans, for defendant-appellee, Union Carbide Corp.
Before KLIEBERT, BOWES and GRISBAUM, JJ.
KLIEBERT, Judge.
Plaintiff-appellant, Russell Loupe, sued his employer, Circle, Inc., for worker's compensation benefits for injuries allegedly sustained as the result of an on-the-job accident which occurred on January 6, 1983. Subsequently, on November 30, 1983, by an amending petition alleging a tort action, the defendant-appellee, Union Carbide Corporation, was brought into the suit as a co-defendant. Thereafter the trial judge maintained Union Carbide's motion for summary judgment and plaintiff appealed to this court. On October 14, 1987 we affirmed. See 514 So.2d 269 (5th Cir. 1987).
Before our opinion became final, plaintiff, apparently seeking to obtain compensation benefits from Union Carbide, obtained leave to and filed a second amended petition. In response Union Carbide filed an exception of prescription or in the alternative res judicata. The trial judge maintained the exception of prescription and plaintiff appealed to this court. For the reasons hereinafter stated we vacate the judgment granting the exception of prescription and dismiss Loupe's second amending petition.
We find the trial court had no authority to allow plaintiff leave to file the second amending petition, hence, it was improvidently issued. See LSA-C.C.P. Article 1151; Booth v. Allstate Insurance Co., 466 So.2d 703 (4th Cir.1985); Johnson v. Walgreen Louisiana Co., 163 So.2d 830 (4th Cir.1964); Templet v. Johns, 417 So.2d 433 (1st Cir.1982) writ denied 420 So.2d 981 (La.1982).
In Templet v. Johns, supra, at page 435, the court stated:
"After rendition of final judgment, the Code of Civil Procedure clearly spells out the rights of the appellants. They may either apply for new trial or appeal from an adverse judgment. No where in the Code is the amendment of a dismissed petition after final judgment allowed."
Further the First Circuit stated, at page 436:
"The La.Code of Civ.P. provides that the only rights available to a party whose suit has been dismissed is to request a new trial or to appeal. It is abundantly clear that a trial court can not change or alter this by improvidently signing an order to allow the filing of a supplemental and amending petition."
Therefore, the order of the district court allowing plaintiff leave to file an amending petition after a final judgment has been rendered is vacated and plaintiff's second amending petition is dismissed. Further, because plaintiff's second amending petition was not properly before the trial court, neither were the exceptions of prescription nor res judicata. The judgment sustaining the exception of prescription is therefore vacated.
For the foregoing reasons, the judgment of the district court granting Union Carbide's exception of prescription is vacated and plaintiff's second amending petition is dismissed.
VACATED IN PART; DISMISSED.