PEATROSS, J.
hln this medical malpractice matter, the trial court granted a motion for summary judgment on damages in favor of plaintiff, Robert Jordan. After the Louisiana Patient’s Compensation Fund (“the Fund”) appealed the summary judgment in October 2004, Mr. Jordan filed an amended and supplemental petition in March 2005. That same month, the Fund filed various exceptions challenging the amended and supplemental petition and argued, in part, that the district court no longer had jurisdiction once the case was on appeal. The trial court denied the Fund’s exceptions and this appeal followed. For the reasons set forth below, we find merit in the Fund’s argument that the trial court was divested of jurisdiction by the Fund’s appeal; therefore, we reverse the trial court’s May 2005 judgment and set aside Mr. Jordan’s amended and supplemental petition.

FACTS

The facts underlying this medical malpractice matter are set forth in Robert *370 Jordan v. Willis-Knighton Medical Center, 39,944 (La.App.2d Cir.9/21/05), 911 So.2d 351, and will not be repeated here. In that appeal, this court affirmed the trial court’s summary judgment on damages owed by the Fund to Mr. Jordan. That summary judgment was signed on October 19, 2004, and was appealed by the Fund the same month.
In March 2005, Mr. Jordan filed a pleading entitled “Amended and Supplemental Petition” which acknowledged both the summary judgment in his favor and the Fund’s appeal. In paragraph 4 of his pleading, Mr. Jordan stated:
Plaintiff does hereby amend and supplement his Petition for Authority to Settle in order to prosecute a separate and distinct |j>cause of action against the Louisiana Patient’s Compensation Fund Oversight Board (Board) and its individual members for tortious conduct in violation of their statutory duties in the defense and claims process of the underlying medical malpractice/wrongful death claim as is set forth with more particularity hereinafter.
Then, in paragraph 6 his pleading, Mr. Jordan asserted:
Defendants have engaged in a pattern of conduct that constitutes abuse of process, abuse of rights, tortious breach of their obligations pursuant to Louisiana Medical Malpractice Act,- the intentional infliction of mental and emotional distress, breach of good faith, breach of fiduciary duty, and such other tortious acts as may be shown at the trial of this matter.
Mr. Jordan noted in his pleading that-a judgment was rendered approving a settlement confirming the liability of the Fund and that the judgment was not appealed. Mr. Jordan then asserted that both the Board and the Fund acted “arbitrarily, capriciously, and without just or lawful cause” and in direct violation of their fiduciary duties by failing and refusing to fairly and promptly compensate Mr. Jordan for the wrongful death of his wife.
In March 2005, the Fund filed a pleading entitled “Motion to Set Aside Order Granting Plaintiff Leave of Court to File an Amended and Supplemental Petition as Improvidently Granted.” In this pleading, the Fund asserted that the trial court should not have allowed the amended and supplemental petition because the trial court’s jurisdiction was divested when the trial court signed the Fund’s order of appeal in October 2004. In response, Mr. Jordan argued that the facts alleged in the amended and supplemental petition were directly connected to the allegations in the petition for authority to settle and the summary judgment on Mr. Jordan’s Isdamages. Mr. Jordan then alleged that asserting such claims by way of an amended and supplemental petition, rather than by filing an entirely new lawsuit, is appropriate when the pleadings both reveal some factual connexity between the original and amended assertions and contain sufficient allegations to afford fair notice to the adverse party of the relief sought. Mr. Jordan acknowledged that the Fund’s appeal divested the trial court of jurisdiction over “all matters in the case reviewable under the appeal,” but asserted that the facts, and issues set forth in Mr. Jordan’s amended and supplemental petition were not within the scope of the matters that were reviewable on the appeal of the summary judgment.
On March 8, 2005, the trial court denied the Fund’s motion; and, although the Fund indicated that it intended to seek supervisory review, no supervisory writ application was filed. Instead, on March 29, 2005, the Fund filed peremptory, decli-natory and dilatory exceptions to Mr. Jordan’s amended and supplemental petition.
*371 In an exception of “Lack of Subject Matter Jurisdiction/No Cause of Action,” the Fund once again alleged that the Fund’s prior appeal divested the trial court of jurisdiction so that the court could not allow the filing of the amended and supplemental petition.
In a declinatory exception, the Fund alleged that venue for the new claims was not proper in Caddo Parish, but, rather, in East Baton Rouge Parish. Alternatively, the Fund alleged that the matter should be transferred to East Baton Rouge Parish on the basis of forum non conveniens.
|4In a dilatory exception of improper cu-mulation of actions, the Fund asserted that Mr. Jordan’s amended and supplemental petition did not raise additional claims against the Fund, but raised claims as to duties, obligations and conduct of the Fund’s Oversight Board and its board members. In particular, the Fund asserted that Mr. Jordan’s new claims did not arise out of the same facts and did not involve the same factual and legal issues as the medical malpractice claim. Finally, the Fund asserted that Mr. Jordan’s claims against the Board and its members were premature because of the pending appeal of the medical malpractice claim.
After Mr. Jordan filed an opposition to the exceptions and the Fund filed a reply, the matter came on for hearing on May 9, 2005. After hearing argument, the trial court signed a judgment denying all of the Fund’s exceptions. On its own motion, the trial court entered a stay of the amending and supplemental petition, including all discovery, until a final ruling on the appeal from the underlying medical malpractice case. This appeal followed.[1]

DISCUSSION

On appeal, the Fund argues that the trial court improperly allowed the amended petition to be filed after final judgment was rendered. Citing Rhodes v. State, Through Department of Transportation and Development, 94-1758 (La.App. 1st Cir.5/5/95), 656 So.2d 650, vacated on other grounds, 95-1848 (La.5/21/96), 674 So.2d 239, the Fund argues that, once |Ba final judgment has been rendered, there can be no amended petition because there is no longer a petition before the court to amend. Additionally, the Fund argues that the trial court was without jurisdiction to allow the filing of the amended petition because the filing does not fit within the limited issues over which the trial court retains jurisdiction during the course of an appeal under the provisions of La. C.C.P. art. 2088.
On the other hand, Mr. Jordan argues that, because the facts and issues set forth in the amended and supplemental petition are not within the scope of the matters that are reviewable on the appeal of the judgment, the trial court retains jurisdiction over these matters. Mr. Jordan relies on Autrey v. Energy Corp. of America, Inc., 594 So.2d 1354 (La.App. 3d Cir.1992), writ denied, 596 So.2d 197 (La.1992); Kanz v. Wilson, 96-0882 (La.App. 1st Cir.11/17/97), 703 So.2d 1331; and State Through Department of Social Services on Behalf of Harden v. Southern Baptist Hospital, 94-2228, 94-2229 (La.App. 4th Cir.10/12/95), 663 So.2d 443, unit denied, 95-2751 (La.1/26/96), 666 So.2d 676.
The provisions of La. C.C.P. art.2088 state:
*372 The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not reviewable under the appeal, including the right to:
(1) Allow the taking of a deposition, as provided in Article 1433;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit the making of, a written narrative of the facts of the cases, as provided in Article 2131;
|fi(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or
(10) Set and tax costs and expert witness fees.
As noted in La. C.C.P. art. 1841, a final judgment is one that determines the merits in whole or in part, while an interlocutory judgment is one that does not determine the merits, but only preliminary matters in the course of the action. The above-quoted provisions of Article 2088 recognize that the trial court may need to address additional interlocutory matters even after the granting of the order of appeal. Although illustrative, the list of items over which the trial court retains jurisdiction shows that these items involve no determination of the merits.
By stating that the jurisdiction of the trial court “over all matters in the case reviewable under the appeal is divested,” however, Article 2088 implies the existence of, but does not create, retained jurisdiction by the trial court over merit issues that are not reviewable under the appeal. Although Article 2088 does not address how substantive issues may remain after the rendition of a final judgment, the provisions of La. C.C.P. art.1915 do address this matter. Article 1915 sets forth those instances in which partial [7final judgments may be rendered and appealed; and the provisions of Article 1915(C) specifically state that, if an appeal is taken from any judgment rendered under the provisions of Article 1915, “the trial court shall retain jurisdiction to adjudicate the remaining issues in the case.”
The provisions of Article 2088 do not address and, thus, do not authorize, the filing of an amending and supplemental petition after a final judgment has been rendered. Plainly, the substantive issues asserted in Mr. Jordan’s new filing do not fit within the illustrative listing in Article 2088 of matters over which the trial court retains jurisdiction. At the same time, the substantive judgment in favor of Mr. Jordan that the Fund appealed is not a partial final judgment; that judgment adjudicated *373 all the substantive issues that were present before the trial court. Thus, the provisions of Article 1915 on partial final judgments also do not authorize the trial court to allow the filing of an amending and supplemental petition after the rendition of a final judgment. Furthermore, Mr. Jordan does not cite, nor is this court aware of, any provisions of the Louisiana Code of Civil Procedure or any jurisprudence authorizing such a new petition after the signing of a final judgment.
The Code of Civil Procedure is, however, quite clear concerning how a final judgment may be modified in the trial court. A final judgment may be amended by the trial court at any time to alter the phraseology of the judgment, but not the substance, or to correct errors of calculation. La. C.C.P. art. 1951. These provisions show that a substantive change is not possible via amendment of judgment. Instead, a substantive modification |smay only be accomplished in the trial court via a motion for new trial or an action of nullity. See La. C.C.P. art.1971 et seq., and Article 2001 et seq. In the instant case, Mr. Jordan’s amending and supplemental petition cannot be characterized either as a motion for a new trial or as an action of nullity. Instead, the allegations of that petition raise new substantive claims and add additional defendants, none of which concern the merits of Mr. Jordan’s malpractice action. A judgment on these new claims would, however, effectively add new substantive adjudications in this action to those of the prior final judgment.
For the reasons discussed above, both the provisions of the Code of Civil Procedure and the nature of the allegations in Mr. Jordan’s supplemental and amending petition indicate that Mr. Jordan’s new claims should have been brought by filing a new action rather than by attempting to add new issues and new parties to an action in which there already was a complete final adjudication.
This conclusion is made even clearer by considering that, when Mr. Jordan sought leave to file the amended and supplemental petition, the final judgment would have been definitive but for the Fund’s appeal; Mr. Jordan had neither filed a motion for new trial, nor filed his own appeal of the final malpractice judgment. Once a judgment becomes final and definitive, no one reasonably can argue that a case is not over and that new issues and new parties can be joined. Logically then, to allow the amending and supplemental petition, we would have to conclude that the Fund’s appeal of the merits of the malpractice judgment somehow kept the door open in the Ifltrial court for the addition of new issues and new parties having no bearing on the merits of the malpractice judgment. Furthermore, if the Fund were to dismiss its appeal of the merits of the malpractice judgment, then the door arguably would close on Mr. Jordan’s amended and supplemental petition, even though that petition has nothing to do with the merits of the malpractice action. Since both of these conclusions are procedurally untenable, we are constrained to conclude that the new allegations and parties must be part of a new lawsuit. The jurisprudence supports this conclusion.
In Loupe v. Circle, Inc., 545 So.2d 694 (La.App. 5th Cir.1989), the plaintiffs tort action against Union Carbide Corporation was dismissed pursuant to summary judgment; the plaintiff then appealed, but the court of appeal affirmed. Before the appellate opinion became final, the plaintiff obtained leave to file an amending petition in order to attempt to obtain worker’s compensation benefits from Union Carbide. The trial court then maintained Union Carbide’s exception of prescription. The appellate court vacated the prescrip *374 tion judgment and dismissed the plaintiffs amending petition, finding that the trial court had no authority to allow the plaintiff to file the second amending petition. The Loupe court quoted from the First Circuit’s opinion in Templet v. Johns, 417 So.2d 433 (La.App. 1st Cir.1982), writ denied, 420 So.2d 981 (La.1982):
After rendition of final judgment, the Code of Civil Procedure clearly spells out the rights of the appellants. They may either apply for new trial or appeal from an adverse judgment. [Nowhere] in the Code is the amendment of a dismissed petition after final judgment allowed.
|10 Likewise, in Booth v. Allstate Insurance Company, 466 So.2d 703 (La.App. 4th Cir.1985), the plaintiffs, in a personal injury action, sought to file a supplemental and amended petition to add their own uninsured motorist insurer as a defendant, even though their action arising out of an automobile accident had been tried and judgment had been rendered. The appellate court refused to allow the new petition; the court reasoned:
Plaintiffs cite no authority for their position that they were entitled to proceed with their supplemental petition. Since the case had been tried and a judgment rendered there was no longer a pending petition to be amended. LSA-CCP Article 1151 cannot be construed to authorize the filing of an amendment to a petition which has been fully disposed of by the court with a final judgment. At this stage of the proceedings the only remedies available to plaintiffs were to apply for a new trial or to take an appeal. Templet v. Johns, 417 So.2d 433 (La.App. 1st Cir.1982); Johnson v. Walgreen Louisiana Co., 163 So.2d 830 (La. App. 4th Cir.1964).
Finally, we conclude that the cases cited by Mr. Jordan do not support the filing of the amending and supplemental petition following rendition of final judgment. The Aubrey case, supra, simply concerned a question of whether a supplemental and amending petition related back to the date of the filing of the original petition; no final judgment was rendered in the interim.
In Kanz v. Wilson, supra, two partial summary judgments were rendered, each addressing the ownership of different property interests. The appellate court correctly found that, because the property interests being adjudicated pursuant to each partial summary judgment were different, the appeal of the first summary judgment did not divest the trial court of jurisdiction pursuant to La. C.C.P. art. 2088 to adjudicate the second motion | nfor summary judgment. As previously discussed, however, we are not dealing with partial final judgments in the instant case.
Like Autrey and Kanz, supra, and unlike the case sub judice, the case of Harden, supra, did not involve the filing of an amending and supplemental petition after the rendition of a final judgment. Instead, the question presented there was whether the provisions of La. C.C.P. art.2088 operate to divest a trial court of jurisdiction to approve or recognize a compromise agreement after an order of devolutive appeal is signed. The Harden court correctly observed that neither a trial court, nor an appellate court, typically is involved in a compromise agreement; and the court correctly concluded that, because the compromise was not a matter renewable on appeal, the provisions of Article 2088 did not divest the trial court of jurisdiction to approve or recognize the agreement.[2] More *375 over, in the unusual situation presented in Harden, the appellate court also observed that good policy reasons existed for allowing the trial court to approve the compromise where that court had heard all the evidence in the case and was familiar with the action, thereby making it far better equipped to make a determination about the compromise.

CONCLUSION

For the reasons set forth above, the judgment of the trial court allowing the filing of the amending and supplemental petition is hereby reversed and the petition vacated. Costs are assessed to appel-lee.
REVERSED AND RENDERED.
BROWN, C.J., concurs.

. Since a judgment denying an exception of improper venue is one that may cause irreparable injury, the judgment is appealable under provisions of La. C.C.P. art. 2083(A). Furthermore, pursuant to that interlocutory appeal, we may review other interlocutory judgments rendered in the trial court.

. The trial court’s involvement in approving or recognizing the compromise was necessary only because the compromise involved the rights of a minor and La. C.C.P. art. 4265 *375 requires trial court approval prior to compromise of an action involving a minor.