PEATROSS, J.
[ 2After a rule to show cause hearing, Appellant Albert D. “Bodie” Little (“Sheriff Little”), was found to be in contempt of court for his failure to enforce the entirety of a two-day sentence imposed on Defendant, Jonathon Voorhies. The trial judge did not impose fines or jail time on Sheriff Little, but, rather, admonished him on record and asked that his orders be followed exactly in the future unless he expressly authorized otherwise. Sheriff Little now appeals. For the reasons stated herein, we reverse the contempt ruling.

FACTS

On February 2, 2010, Jonathon Voorhies pled guilty to an amended charge of DWI first offense and speeding. In accordance with a plea agreement, the trial judge suspended Voorhies’ sentence pursuant to La. C. Cr. P. art. 894 and imposed 20 months of supervised probation with special conditions that he complete a substance abuse program and perform |,.¡community service. The trial judge further ordered Voorhies to serve two days in the Winn Parish jail during the week of February 12-18, 2010.
Voorhies went to the Winn Parish jail on February 16th in order to serve his two-day sentence, but was turned away due to overcrowding in the jail. Voorhies returned to the jail on February 17th and again was told that the jail was overcrowded, so he left. After obtaining the trial court minutes, Sheriff Little determined that Voorhies had to begin his two-day sentence that day because the end of the week was approaching, so he called Voor- *1030 hies and asked him to return to the jail. Voorhies complied with Sheriff Little’s request, returned to the jail and was admitted that day around 8:41 p.m. Sheriff Little then told Warden Daniel Alsup to release Voorhies the following day, taking into account a diminution of sentence of one day for good time served. Consequently, Voorhies was released around 8:00 a.m. the following day.
When the trial judge learned that Voor-hies had spent less than 24 hours in jail, he issued a rule to show cause why Sheriff Little should not be held in contempt of court for failing to impose the full sentence. As previously mentioned, at the rule to show cause hearing, the trial judge admonished Sheriff Little on the record. The trial judge acknowledged that Voor-hies would have been entitled to “good time” diminution of sentence Lunder the law, but clarified that a “day” meant 24 hours and no less, unless he (the trial judge) expressly authorized otherwise. According to the trial judge, therefore, Voorhies’ sentence, including diminution for “good time” served, should have been no less than 24 hours. At the end of the hearing, the trial judge ruled that Sheriff Little was in contempt as a result of his failure to require Voorhies to serve exactly 24 hours in jail. The trial judge chose not to impose fines or jail time on the sheriff.
Sheriff Little filed a writ application with this court on May 10, 2010, requesting supervisory review of the trial judge’s ruling holding him in contempt. Finding that a contempt judgment was only reviewable by this court in the form of an appeal, we remanded the matter to the district court for the perfection of the appeal. This appeal ensued.[1]

DISCUSSION

Sheriff Little argues that the trial judge abused his discretion in finding him in contempt of court because there was no evidence that he was willfully disobedient of the trial judge’s order or that he intentionally or purposefully violated the order. We agree.
A contempt of court is any act or omission tending to obstruct or interfere with the orderly administration of justice, or to impair the dignity of | ¿the court or respect for its authority. La. C.C.P. art. 221. The two kinds of contempt of court are direct and constructive. La. C.C.P. art. 221. Direct contempt of court is one committed in the immediate view and presence of the court and of which it has personal knowledge or a contumacious failure to comply with a subpoena or summons. La. C.C.P. art. 222.
A constructive contempt of court is any contempt other than a direct one. La. C.C.P. art. 224. Willful neglect or violation of duty by a clerk, sheriff or other person elected, appointed or employed to assist the court in the administration of justice constitutes a constructive contempt of court. La. C.C.P. art. 224. To find a person guilty of constructive contempt, it is necessary to find that he or she violated the order of the court intentionally, knowingly and purposely, without justification. Baker v. Baker, 42,182 (La.App.2d Cir.6/20/07), 960 So.2d 1264; Arrington v. Arrington, 41,012 (La.App.2d Cir.4/26/06), 930 So.2d 1068; In re S.L.G., *1031 40,858 (La.App.2d Cir.1/25/06), 920 So.2d 368; Smith v. Smith, 35,378, 35,379 (La.App.2d Cir.9/26/01), 796 So.2d 726. Willful disobedience of a court order requires a consciousness of the duty to obey the order and an intent to disregard that duty. Swan v. Swan, 35,393 (La.App.2d Cir.12/7/01), 803 So.2d 372.
In a criminal contempt proceeding, the object is to punish a person for disobeying an order issued by the court. State in Interest of R.J.S., 493 So.2d 1199 (La.1986); Swan v. Swan, supra. The punishment is punitive and intended to vindicate the court’s authority. Swan v. Swan, supra. A contempt proceeding assumes the quality of a criminal or quasi-criminal proceeding only after a criminal sentence is imposed. Swan v. Swan, supra; Fontana v. Fontana, 426 So.2d 351 (La.App. 2d Cir.1983), writ denied, 433 So.2d 150 (La.1983). When a determinate sentence is rendered without setting conditions for the contemnor to avoid the sentence imposed or to purge himself of it, the punishment is criminal in nature. Swan v. Swan, supra.
 The decision to hold a party in contempt of court for disobeying the court’s orders is within the trial court’s great discretion. Davis v. Davis, 43,490 (La.App.2d Cir.10/22/08), 997 So.2d 149. Only if the appellate court finds an abuse of that discretion will a trial court’s contempt ruling be reversed. Id. Proceedings for contempt are strictly construed, however, and extending their scope is not favored. Arrington v. Arrington, supra; Meek v. Meek, 36,467 (La.App.2d Cir.9/18/02), 827 So.2d 1191.
In the case sub judice, although the trial judge did not impose fines or jail time on Sheriff Little, the finding of contempt is, nevertheless, considered criminal or quasi-criminal in nature because the punishment of admonishing the sheriff on the record was punitive and intended to vindicate the court’s authority; and, additionally, there were no conditions set by the 17trial judge which would allow the sheriff to avoid the contempt finding or to purge himself of it. Swan v. Swan, supra; Fontana v. Fontana, supra.
It is undisputed that Sheriff Little was authorized to release Voorhies early upon his earning a diminution of sentence. La. R.S. 15:571.3. Diminution of sentence, known as “good time,” allows an inmate to receive a “day for a day,” ie., a diminution of one day is allowed for one day served. La. R.S. 15:571.3. Accordingly, the trial judge noted in his ruling that Sheriff Little was authorized to release Voorhies after one day for “good time” served of one day.
The issue before us, therefore, is whether Sheriff Little willfully violated the trial judge’s order sentencing Voorhies to two days in jail by not requiring Voorhies to serve exactly 24 hours in jail. As previously stated, Sheriff Little admitted Voorhies to the jail at 3:41 p.m. and authorized his release by Warden Alsup the following day. Warden Alsup released Voorhies around 8:00 a.m. the following day because, according to Sheriff Little, it is routine procedure that on the day parish prisoners are to be released, the release occurs shortly after the Warden arrives for the day at 8:00 a.m. Sheriff Little was not present at the jail on the day Voorhies was to be released because he was receiving radiation treatment at an oncology clinic in Shreveport.
17Based on these findings and the record before us, we cannot say that the evidence presented supports a finding that Sheriff Little willfully, purposefully or intentionally violated the order of the trial judge sentencing Voorhies to serve two days in the parish jail. Furthermore, it is clear that Sheriff Little attempted in good faith to interpret and execute the trial judge’s order by admitting Voorhies on February *1032 17th and authorizing, his release by the Warden on the following day after diminution of sentence in accordance with La. R.S. 15:571.3. Consequently, the necessary elements of a contempt finding were not met. The trial judge, therefore, erred in finding Sheriff Little in contempt.

CONCLUSION

For the foregoing reasons, we reverse the ruling of the trial judge holding Albert D. “Bodie” Little in contempt.
REVERSED.

. On receiving a request from this court to submit a brief in this matter, District Attorney for Winn Parish, R. Christopher Nevils, replied with a letter stating that the State of Louisiana did not participate in Sheriff Little's contempt hearing on April 6, 2010, and, thus, "takes no position in this matter." The State of Louisiana was, however, present at the contempt hearing and notes that “the trial court correctly considered the law and evidence before reprimanding the appellant.”