| | | |
|---|---|---|
| LZM PROPERTIES, LLC | * | NO. 2020-CA-0455 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| PRIVATE CONNECTION | * | |
| PROPERTY, INC. AND JOHN | | FOURTH CIRCUIT |
| DOE | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-06415, DIVISION "M"
Honorable Paulette R. Irons, Judge
\* \* \* \* \* \*
**Judge Regina Bartholomew-Woods**
\* \* \* \* \* \*
(Court composed of Judge Roland L. Belsome, Judge Regina Bartholomew-Woods, Judge Paula A. Brown)

Kyle Salvador Sclafani
THE LAW OFFICE OF KYLE S. SCLAFANI
4130 Canal Street, Suite A
New Orleans, LA 70119

LaKeisha Bruner Thomas
4130 Canal Street, Suite A
New Orleans, LA 70119

   COUNSEL FOR PLAINTIFF/APPELLANT

Patrick B. Sanders
RISE AGAIN LAW FIRM, LLC
620 Derbigny Street
Gretna, LA 70053

   COUNSEL FOR DEFENDANT/APPELLEE

      **APPEAL DISMISSED**
      **APRIL 22, 2021**

*RBW*

*RLB*

*PB*

This civil appeal arises from Appellant's purchase of a tax sale certificate of an immovable property, which contained an incorrect municipal address of the property at issue. The trial court granted a peremptory exception of no right of action in favor of Appellee and dismissed Appellant's claims. Rather than file a motion for new trial or appeal, Appellant filed an amended petition. In response to Appellant's amended petition, Appellee filed peremptory exceptions of no right of action and res judicata, as well as, a dilatory exception of improper cumulation, which the trial court granted and dismissed, with prejudice, Appellant's claims. Appellant appealed. For the reasons that follow, we dismiss the appeal.

## PROCEDURAL HISTORY

On June 23, 2006, Defendant-Appellee, Private Connection Property, Inc. ("PCP"), a Louisiana non-profit corporation, acquired an immovable property

1

located at 4307-09 Calliope Street in New Orleans, Louisiana 70125[1] from the

Schorling family through an act of cash sale.[2]

---

[1] The immovable property located at 4307-09 Calliope Street is a warehouse used as commercial property to store pet food and supplies for local animal rescue organizations.

[2] The June 23, 2006 act of cash sale was recorded in the Orleans Parish Notarial Archives at NA #2006-22316 and CIN 325240, and contained the legal description as follows:

> **A CERTAIN PORTION OF GROUND**, together with all the buildings and improvements thereon, and all rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in SQUARE NO. 646, in the FIRST DISTRICT of this City, bounded by Calliope, South Lopez, Euphrosine[,] and South Salcedo Streets, which said portion of ground measures as follows:
>
> Beginning at the comer of South Lopez and Calliope Streets and measuring 100 feet 8 inches 3 lines front on Calliope Street, thence on a line SO feet from and parallel with the center of the track of the main line of the Yazoo and Mississippi Valley Railroad Company, 125 feet 9 inches *to* a stake, thence on a line 197 feet I inch to the intersection of said line with South Lopez Street, thence 150 feet, 3 inches, 4 lines front on South Lopez Street to the point of beginning at the corner of South Lopez and Calliope Streets, all as shown on a blue print by Gilbert & Kelly, Surveyors, dated December 28, 1923.
>
> **A TRACT OR PARCEL OF LAND**, being part of **SQUARE 646, FIRST DISTRICT** in the CITY OF NEW ORLEANS, Louisiana, said Square being bounded by Calliope, S. Lopez, Euphrosine[,] and S. Salcedo Streets, more particularly described as follows:
>
> Beginning at a point in the southerly line of said Square 646 said point being 100 feet 8 inches 3 lines southeasterly from the southwest corner of said square, as measured along said southerly line, said southerly line also being the northerly line of Calliope Street; thence northeasterly on a straight line in the direction of S. Salcedo Street, a distance of 125 feet 9 inches to a point in the Faubourg Lafayette line, said point being 23 feet, 10 inches, 6 lines northwesterly from the easterly line of said Square 646, as measured along said line; thence southeasterly along said Faubourg Lafayette line, a distance of 17 feel; thence southwesterly on a straight line in the direction of Calliope Street to the point of beginning, containing an area of 1996 square feet, more or less.
>
> **TOGETHER WITH ALL PAST RENTS, FURNISHINGS AND EQUIPMENT.**
>
> Being the same portion acquired by act before Alfred J, Bonomo, Jr., dated December 27, 1967, recorded in COB 679, folio 280. And further acquired by Judgment of Possession rendered in the Civil District Court for the Parish of Orleans, State of Louisiana, Docket No. 81-10078 registered as *NA#* 99-56412.
> All in accordance with a plan of survey by Gilbert, Kelly & Couturie, Inc., dated May 23, 2006, attached hereto.
>
> **THIS SALE IS MADE AND ACCEPTED SUIUECT TO THE FOLLOWING**:
>
> Right of way in favor of the Illinois Central Railroad Company recorded as MOB 1973, folio 639 in the Recorder of Mortgages for Orleans Parish, Louisiana.

PCP explained that as a Louisiana non-profit corporation, PCP has filed tax

exemptions since 2007. On or about December 2, 2015, the City of New Orleans

mailed a Notice of Tax Sale for a property located at 4438 Calliope Street to PCP,

---

For the same consideration herein, Vendors do hereby sell, transfer, assign, remise, release and relinquish unto Purchaser, without any warranty whatsoever, all of the right, title and interest which said Seller has or may have in and to the following described property situated in the Parish of Orleans, State of Louisiana, to wit:

**A TRACT OR PARCEL OF LAND**, being part of SQUARE 646, FIRST DISTRICT in the CITY OF NEW ORLEANS, Louisiana, said Square being bounded by Calliope, S, Lopez, Euphrosine[,] and S. Salcedo Streets, more particularly described as follows:

Said tract of land forms the comer of Calliope Street and S, Salcedo Street and thence in a northeasterly direction measures a distance of 83 feet 4 inches 7 lines on S. Salcedo Street to a point; thence In a northwesterly line measure a distance of 6 feet 10 inches 6 lines to a point; thence in a westerly line in the direction of Calliope Street measure a distance of 134 feet 1 inch 5 lines to a point; thence in a southeasterly direction in the direction of S. Salcedo Street measure a distance of 109 feet 11 inches 0 lines to the point of beginning, containing an area of 4,974,23 square feet, more or less.

An irregular portion of ground being part of SQUARE 512, FIRST DISTRICT in the CITY OF NEW ORLEANS, Louisiana, said bounded by Calliope, S. Lopez, and Earhart Boulevard which measures approximately 180 feet on Earhart Boulevard by 120 feet on S Lopez Street by 180 feet on Calliope Street.

**FOR THE SAME CONSIDERATION AS RECITED HEREIN, VENDORS HEREBYFOR THE SAME CONSIDERATION AS RECITED HEREIN, VENDORS HEREBY THE FOLLOWING PROPERTY, TO-WIT**:

**A CERTAIN PORTION OF GROUND**, together with all the buildings, and improvements thereon, and all the rights, ways, privileges, servitudes, and advantages thereunto belonging or In anywise appertaining, situated in the **FIRST MUNICIPAL DISTRICT** of the **CITY OF NEW ORLEANS, in SQUARE NO. 513**, bounded by South Rendon, South Lopez, Calliope, and Clio Streets, and by the right of way of the Yazoo and Mississippi Valley Railroad; said right of way line being 25 feet front from the center of the Main line track and is parallel to said track; said portion of ground is described as follows:

Said portion of ground fronting and measuring 269 feet 1 inch 6 lines on South Rendon Street, 312 feet 9 inches 4 lines on Calliope Street, 43 feet. 2 inches, 6 lines on South Lopez Street, 313 feet 6 inches 1 line on the right of way line of the Yazoo and Mississippi Valley Railroad, and 96 feet 0 inches 6 lines on Clio Street, all as per plan and sketch of survey made by Gilbert & Kelly, Surveyors, dated October 15, 1928, a copy annexed to act before Herve Racivitch, Notary Public. May 25, 1945.

3

in care of its director and primary shareholder William W. Alden, at 7018 Meadowbrook Drive, Mandeville, Louisiana 70471-7403.[3]

Plaintiff-Appellant LZM Properties, LLC ("LZM") asserts, at a public auction on April 12, 2016, in an attempt to acquire a one-hundred percent (100%) interest in property located at 4438 Calliope Street in New Orleans, Louisiana 70125, it paid the unpaid ad valorem taxes, penalties, and costs for the years 2013, 2014, and 2015 totaling $18,505.28.[4] LZM provided the tax sale certificate as evidence of its payment. LZM provides it also paid ad valorem taxes for the years 2016 and 2017 for the same property.

PCP avers on or about August 8, 2016, three (3) months after the tax sale, PCP discovered the City of New Orleans had erroneously changed the municipal address on the tax bill for its property located at 4307-09 Calliope Street to reflect 4438 Calliope Street; however, in August, 2016, PCP remained unaware the tax sale had taken place.[5] In a communication signed by William W. Alden to Erroll G. Williams, Assessor for the City of New Orleans dated August 8, 2016, regarding the property tax assessment for the same year, PCP, in a hand written note, requested a correction of the property address from 4438 Calliope to 4307-09 Calliope.

On June 19, 2019, LZM filed a "Petition to Confirm and Quiet Title to Real Estate"[6] against PCP and attached a certified copy of the tax sale certificate,[7] which

---

[3] PCP never owned the immovable property identified as 4438 Calliope Street. It is worth noting that PCP owns numerous properties in New Orleans, Louisiana.

[4] On May 16, 2016, the original tax certificate was recorded in the Orleans Parish conveyance record at Instrument Number 2016-19306, CIN 598421.

[5] According to PCP, the municipal address was correct as in 2012.

[6] The second paragraph of the original petition set out the legal description of the immovable property as follows:

identified the immovable property at issue as 4438 Calliope Street, New Orleans,

Louisiana 70125.  LZM sought to have the tax sale confirmed at the expiration of

---

 A CERTAIN PORTION OF GROUND, together with all the buildings and improvements thereon, and all rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in SQUARE NO. 646, in the FIRST DISTRICT of this City, bounded by Calliope, South Lopez, Euphrosine[,] and South Salcedo Streets, which said portion of ground measures as follows:

Beginning at the comer of South Lopez and Calliope Streets and measuring 100 feet 8 inches 3 lines front on Calliope Street, thence on a line 50 feet from and parallel with the center of the track of the main line of the Yazoo and Mississippi Valley Railroad Company, 125 feet 9 inches to a stake, thence on a line 197 feet 1 inch to the intersection of said line with South Lopez Street, thence 150 feet, 3 inches, 4 lines front on South Lopez Street to the point of beginning at the corner of South Lopez and Calliope Streets, all as shown on a blue print by Gilbert & Kelly, Surveyors, dated December 28, 1923.

A TRACT OR PARCEL OF LAND, being part of SQUARE 646, FIRST DISTRICT in the CITY OF NEW ORLEANS, Louisiana, said Square being bounded by Calliope, S. Lopez, Euphrosine[,] and S. Salcedo Streets, more particularly described as follows:

Beginning at a point in the southerly line of said Square 646 said point being 100 feet 8 inches 3 lines southeasterly from the southwest corner of said square, as measured along said southerly line, said southerly line also being the northerly line of Calliope Street; thence northeasterly on a straight line in the direction of S. Salcedo Street, a distance of 125 feet 9 inches to a point in the Faubourg Lafayette line, said point being 23 feet, 10 inches, 6 lines northwesterly from the easterly line of said Square 646, as measured along said line; thence southeasterly along said Faubourg Lafayette line, a distance of 17 feet; thence southwesterly on a straight line in the direction of Calliope Street to the point of beginning, containing an area of 1996 square feet, more or less.

TOGETHER WITH ALL PAST RENTS, FURNISHINGS[,] AND EQUIPMENT.

Being the same portion acquired by act before Alfred J. Bonomo, Jr., dated December 27, 1967, recorded in COB 679, folio 280. And further acquired by Judgment of Possession rendered in the Civil District Court for the Parish of Orleans, State of Louisiana, Docket No. 81-10078 registered as NA# 99-56412.
All in accordance with a plan of survey by Gilbert, Kelly & Couturie, Inc., dated May 23, 2006, attached hereto.

THIS SALE IS MADE AND ACCEPTED SUBJECT TO THE FOLLOWING:

Right of way in favor of the Illinois Central Railroad Company recorded as MOB 1973, folio 639 in the Recorder of Mortgages for Orleans Parish, Louisiana.

[7] The thumbnail legal description in the tax deed read: SQ 646 CALLIOPE SO LOPEZ 100 X 150 3 LAFAYETTE LINE R 197 1X125 9 SO LOPEZ AND CALLIOPE IMPS M/A CHANGED 1-16-04. The municipal address of the immovable property identified in the tax certificate was 4438 Calliope Street.

5

the three (3) year redemptive period pursuant to La. R.S. 47:2228.[8]  On July 23, 2019, PCP filed a peremptory exception of no right of action in response to LZM's original petition and alleged the tax sale was an absolute nullity. On July 25, 2019, LZM filed a notice of *lis* pendens.[9]

On September 5, 2019, the trial court conducted a hearing on PCP's peremptory exception of no right of action.  At the hearing, PCP argued it owned an immovable property located at 4307 Calliope Street, not 4438 Calliope Street[10], as described in the tax sale certificate; the thumbnail description in the tax sale certificate did not relate to the property it owned; it did not receive notice of the tax sale; and, the tax sale certificate conveyed an interest in property it did not own. LZM argued the nullity was premature and improper notice was not raised in the exception of no right of action.  LZM also argued the thumbnail legal description in the tax sale certificate reflected the same legal description in the act of cash sale. At the conclusion of the hearing, the trial court granted the peremptory exception

---

[8]Effective January 1, 2009, La. R.S. 47:2228 was repealed by Acts 2008, No. 819, § 2 and reproduced in substance by La. R.S. 47:2266. Former La. R.S. 47:2228 stated, in pertinent part:

> After the lapse of three years from the date of recording the tax deed in the conveyance records of the parish where such property is situated, the purchaser, his heirs or assigns, may institute suit by petition and citation as in ordinary actions against the former proprietor or proprietors of the property, in which petition must appear a description of the property, mention of the time and place of the sale and name of officer who made same, reference to page of record book and date of recording tax deed, notice that petitioner is owner of the said property by virtue of said tax sale, and notice that the title will be confirmed unless a proceeding to annul is instituted within six months from date of service of the petition and citation.... After the lapse of six months from the date of service of petition and citation, if no proceeding to annul the sale has been instituted, judgment shall be rendered quieting and confirming the title.

[9] La. C.C.P. Art. 3751 provides:
The pendency of an action or proceeding in any court, state or federal, in this state affecting the title to, or asserting a mortgage or privilege on, immovable property does not constitute notice to a third person not a party thereto unless a notice of the pendency of the action or proceeding is made and filed or recorded.

[10] According to PCP, it owned the immovable property located at 4307 Calliope Street, which is across the street and down a block from 4438 Calliope Street.

6

of no right of action in favor of PCP and dismissed LZM's original petition. On September 25, 2019, the trial court issued a written judgment.[11]

On September 20, 2019, after the court's oral ruling on the exceptions, but prior to the issuance of a written judgment, PCP filed an *ex parte* motion to cancel *lis* pendens, which was granted by the trial court on September 23, 2019. On September 24, 2019, prior to the trial court's September 25, 2019 written judgment, LZM filed a first amended and supplemental petition to confirm and quiet title to real estate and for nullity. LZM stated that prior to filing its amended petition, it submitted a public records request to the Louisiana Tax Commission and learned the Louisiana Tax Commission associated the immovable property located at 4438 Calliope Street with the thumbnail description contained in the tax sale certificate. Also on September 24, 2019, LZM filed a second notice of *lis* pendens.

On November 7, 2019, in response to LZM's amended petition, PCP filed a peremptory exception of no right of action, dilatory exception of improper cumulation, and peremptory exception of *res judicata.* On December 12, 2019, after a hearing, the trial court orally granted the exceptions of no right of action, improper cumulation and, *res judicata,* in favor of PCP, and LZM's amended petition to quiet title and for nullity was dismissed with prejudice. The trial court issued its written judgment on February 20, 2020. On December 12, 2019, PCP also filed an *ex parte* motion to cancel the second *lis* pendens. By order dated December 18, 2019, the trial court denied PCP's motion to cancel second *lis* pendens requiring the matter to be set for contradictory hearing.

---

[11] The trial court's September 25, 2019 judgment was silent as to whether LZM's claims were dismissed "with prejudice."

On December 26, 2019, before a written judgment was issued from the December 12, 2019 hearing, LZM filed a "Petition to Annul Judgment" in a different division of the Orleans Parish Civil District Court.[12] On December 30, 2019, LZM filed a third notice of *lis* pendens in the aforesaid division. On February 19, 2020, PCP filed a motion to transfer and consolidate and to cancel *lis* pendens. The trial court set PCP's motion for hearing on March 19, 2020. On March 12, 2020, the trial court signed a consent judgment granting the motion to consolidate and transfer LZM's petition to annul filed in Division J with the matter already pending in Division M.[13] On that same date, by order, the trial court granted an unopposed motion to reset filed by LZM to continue the hearing on PCP's motion to cancel *lis* pendens to April 23, 2020. On March 25, 2020, in response to the petition to annul judgment filed by LZM, PCP filed peremptory exceptions of no right of action and no cause of action. On May 27, 2020, LZM filed a motion to substitute party alternatively for leave to amend pleading and request for expedited hearing.

On June 4, 2020, after a hearing, the trial court denied PCP's exception of no cause of action; granted PCP's exception of no right of action; denied PCP's motion to cancel *lis* pendens; and granted LZM thirty (30) days, from the date of signing the judgment, to amend the plaintiff's name in its petition to annul judgment or have it dismissed with prejudice. The trial court found LZM's motion

---

[12] This filing was allotted to Division J and assigned Civil District Court No. 2019-13274.

[13] Pursuant to the consent judgment, the matter captioned "ZM [sic] Properties, LLC v. Private Connection Properties, Inc." case no. 2019-13274, Division J, Civil District Court for the Parish of Orleans, State of Louisiana be transferred and consolidated into the matter captioned "LZM Properties, LLC v. Private Connection Properties, Inc.," case no. 2019-6415, Division M, Civil District Court for the Parish of Orleans, State of Louisiana.

for leave to amend was moot based on the granting of the thirty (30) days to amend. The written judgment was issued by the trial court on July 6, 2020.

On June 15, 2020, LZM filed its first amended petition to annul judgment. On June 30, 2020, LZM filed a motion for devolutive appeal from the trial court's February 20, 2020 judgment granting peremptory exceptions of no right of action dismissing LZM's claims with prejudice. On September 11, 2020, the appeal was lodged with this Court.

## DISCUSSION

In the June 30, 2020 motion for appeal, LZM seeks review of the trial court's February 20, 2020 judgment sustaining the peremptory exception of no right of action in favor of PCP dismissing LZM's first amended petition to confirm and quiet title and for nullity with prejudice. Although not raised in the June 30, 2020 motion for appeal, in its appellate brief, LZM also seeks review of the trial court's September 25, 2019 judgment sustaining the exceptions of no right of action; dismissal of its petition to confirm and quiet tax title; as well as, improper cumulation, and *res judicata*.[14]

*Assignments of Error*

On appeal, LZM, raised the following assignments of error:

1. Whether the trial court erred in considering its September 25, 2019 judgment to be "final" and, therefore sufficient grounds to support a plea of *res judicata;*

---

[14] This Court, in *Lavigne v. Allied Shipyard, Inc.*, explained that "on appeal, '[a]n appellant is entitled to seek review of all adverse interlocutory judgments prejudicial to them, in addition to the review of the final judgment when an unrestricted appeal is taken.'" 2018-0066, p. 8 (La. App. 4 Cir. 1/15/20), 289 So.3d 1088, 1097; (*Maqubool v. Sewerage and Water Board of New Orleans*, 2018-0572, p. 3 (La. App. 4 Cir. 11/14/18), 259 So.3d 630, 632 (quoting *Orleans Parish School Board v. Lexington Insurance Company*, 2011-1720, p. 10 (La. App. 4 Cir. 8/22/12), 99 So.3d 723, 729).

2. Whether the trial court erred in considering its order of dismissal in its September 25, 2019 judgment to be "with prejudice" when those words were absent from the judgment;

3. Whether the trial court erred in granting the peremptory exception of *res judicata* in favor of PCP; and,

4. Whether the trial court erred in granting the peremptory exception of no right of action in favor of PCP.

***Procedural Issue***

While LZM raises four (4) assignments of error on appeal, prior to delving into the analysis of each assignment of error, we must first address a procedural issue in this matter.

In response to LZM's original "Petition to Confirm and Quiet Title to Real Estate," PCP filed a peremptory exception of no right of action, which the trial court granted at the conclusion of the September 5, 2019 hearing; the trial court dismissed LZM's petition without indicating whether the petition had been dismissed "with prejudice". Subsequently, On September 24, 2019, instead of taking a writ; filing a motion for new trial; or filing an appeal for the judgment rendered on September 5, 2019, LZM filed a first amended and supplemental petition to confirm and quiet title to real estate and for nullity. It is from that judgment that LZM has appealed.

Louisiana Code of Civil Procedure article 1841 provides, in pertinent part, "[a] judgment that determines the merits in whole or in part is a final judgment." "A judgment that sustains an exception of no right of action and does not allow time for amending the petition is a final judgment." *River City Fed. Sav. Bank v. Johnston,* 2007-0449 (La. App. 1 Cir. 11/2/07), 2007 WL 3229143, (unpub.).

10

Further, "[t]he Louisiana Code of Civil Procedure provides the only rights available to a party whose suit has been dismissed is to request a new trial or to appeal." *Templet v. Johns,* 417 So.2d 433, 436 (La. App. 2nd Cir. 1982). "No where in the Louisiana Code of Civil Procedure is the amendment of a dismissed petition after final judgment allowed." *Loupe v. Circle, Inc.,* 545 So.2d 694, 695 (La. App. 5th Cir. 1989) (internal quotations and citations omitted).

In the present case, LZM should have filed a motion for new trial or an appeal of the trial court's September 25, 2019 final judgment. Instead, LZM allowed the time to lapse for filing an appeal from the September 25, 2019 judgment. Notwithstanding that fact, LZM filed a first amended and supplemental petition in a lawsuit that had already been dismissed by the trial court. Furthermore, the instant appeal was not lodged with this Court until September 11, 2020, almost a year after the September 25, 2019 judgment—well beyond any allowable time delay for us to even consider the instant appeal as an unrestricted appeal from the September 25, 2019 judgment in accordance with the jurisprudential holding of *Lavigne*, 2018-066, 289 So.3d 1088.

Accordingly, we find that the instant appeal is both untimely and procedurally defective. La. C.C.P. Art. 2087 (A) (1) provides in part; "[a]n appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following: (1) the expiration of the delay for applying for a new trial or judgment notwithstanding the verdict as provided by Article 1974 and Article 1811, if no application has been filed timely." LZM did not file a motion for new trial within seven days after the September 25, 2019 judgment. Therefore, based on La. C.C.P. Art. 2087, LZM had only sixty days from the running of the request for new trial delays to file an appeal. As

previously noted, LZM filed this appeal eleven (11) months after the September 25, 2019 judgment. For that reason, we pretermit discussion of all of the assignments of error that LZM has raised and dismiss the instant appeal.

## DECREE

For the aforementioned reasons, we dismiss the appeal.

**APPEAL DISMISSED**