# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-388

ROBERT LAPOINT

VERSUS

COMMERCE & INDUSTRY INSURANCE
COMPANY AND STEPHENS TPS, INC.

**\*\*\*\*\*\*\*\*\*\***

ON REMAND FROM THE LOUISIANA SUPREME COURT

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION – DISTRICT 03
PARISH OF CALCASIEU, NOS. 13-6349, 15-2726, 17-1901
DIANNE MARIE MAYO, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

## JOHN E. CONERY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Billy H. Ezell, Shannon J. Gremillion, John E. Conery, Candyce
G. Perret, and Sharon Darville Wilson, Judges.

**AFFIRMED IN PART; REVERSED IN PART.**

**Aaron Broussard**
**Broussard & Williamson**
**1301 Common Street**
**Lake Charles, LA 70601**
**(337) 439-2450**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
        **Robert LaPoint**

**Robert A. Dunkelman**
**Pettiette, Armand, Dunkelman, Woodley, Byrd & Cromwell, L.L.P.**
**400 Texas Street, Suite 400**
**Shreveport, LA 71101**
**(318) 221-1800**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
        **Stephens TPS, Inc.**
        **Commerce and Industry Insurance Company**

**CONERY, Judge.**

Robert LaPoint was hired by Stephens TPS, Inc. (Stephens) to perform sandblasting and painting work. While he initially performed work for Stephens in Louisiana, he was working in Atlanta, Georgia when he sustained a serious work-related injury. Stephens and its insurer, Commerce and Industry Insurance Company (C&I), provided initial workers' compensation benefits in Georgia.[1]

Stephens and C&I intervened in a suit Mr. LaPoint filed against third-party tortfeasors, a principal contractor and its employee, in Georgia. Although Mr. LaPoint reached a mediated settlement with the tortfeasor defendants, the amount due Stephens and C&I for alleged workers' compensation reimbursement claims remained unresolved. The Louisiana workers' compensation judge (WCJ) eventually ordered reimbursement to Stephens and C&I for all past workers' compensation benefits paid to Mr. LaPoint, payable out of the proceeds of the Georgia settlement with the tortfeasor and his employer, as well as a credit for their future workers' compensation obligation payable under the Louisiana Workers' Compensation Act.

Mr. LaPoint appealed and, for the first time in this court, filed an exception of res judicata, which this court sustained, reversing and vacating the judgment of the WCJ in favor of Stevens and C&I. *See LaPoint v. Commerce & Indus. Ins. Co.*, 20-388 (La.App. 3 Cir. 6/9/21), 323 So.3d 428.

On November 23, 2021, the supreme court granted the writ application of Stephens and C&I, vacated the judgment of this court, and remanded for consideration of any assignments of error raised by Mr. LaPoint in the original

---

[1] Following his discharge from the hospital in Georgia, Mr. LaPoint returned to Louisiana and began receiving Louisiana workers' compensation benefits.

appeal.  *See LaPoint v. Commerce & Indus. Ins. Co.*, 21-995 (La. 11/23/21), 328 So.3d 64.  By *per curiam* opinion, the supreme court stated:

> Writ granted.  "The doctrine of res judicata is stricti juris; any doubt concerning application of the principle of res judicata must be resolved against its application."  *Kelty v. Brumfield*, 93-1142 (La. 2/25/94), 633 So. 2d 1210, 1215.  The party urging res judicata must establish all elements of La. R.S. 13:4231 "beyond all question." *Id*.  Because the Georgia court's jurisdiction extended to workers' compensation claims that arose from payments made under Georgia's workers' compensation law only, the Georgia court lacked jurisdiction to adjudicate Stephens' and CII's reimbursement claims for benefits paid under the LWCA.  Thus, the Georgia court judgment does not have preclusive effect and is not res judicata to the claims at issue here.  Accordingly, the court of appeal judgment is vacated, and the matter is remanded for the court of appeal to consider any assignments of error raised on appeal by Mr. Robert La[P]oint.

**COURT OF APPEAL JUDGMENT VACATED AND REMANDED.**

*Id.*  By footnote, the supreme court explained that Mr. LaPoint died on July 28, 2021.

*Id.* n.1.  The supreme court therefore substituted Mr. LaPoint's daughters, Katelyn LaPoint, Ashlyn LaPoint, and Chelsea LaPoint, as party plaintiffs in this case pursuant to La.Civ.Code art. 2315.1.  *Id.*[2]

We now consider this matter on remand.[3]

---

[2] As a result of Mr. LaPoint's death, the issue of credit against future workers' compensation payments is now moot.  For purposes of consistency, we continue to reference Mr. LaPoint as the appellant as we now consider the assignments of error lodged by his original appellant's brief.

[3] Following the supreme court's November 23, 2021 remand order, this panel released an opinion on January 12, 2022.  Counsel for Mr. LaPoint subsequently informed this court that he had filed a timely application for rehearing in the Louisiana Supreme Court on November 23, 2021.  Without having received the rehearing application, this court followed the dictates of the Louisiana Supreme Court's remand order and mistakenly rendered the opinion of January 12, 2022.  After verifying the pending rehearing application, this court issued a Recall Order on January 14, 2022, ordering that the opinion of January 12, 2022, be recalled, withdrawn, and rescinded.

## ASSIGNMENTS OF ERROR

Mr. LaPoint raised the following two assignments of error in the original appeal to this court:

1. The OWC erred in finding it had subject matter jurisdiction over TPS's claim for reimbursement.

2. The OWC arguably erred in finding it had subject matter jurisdiction to determine TPS's credit. The law is not very clear.

## LAW AND DISCUSSION

As reflected in Mr. LaPoint's assignments of error, the devolutive appeal before this court is based on the primary contentions that the Louisiana workers' compensation judge (WCJ) lacked subject matter jurisdiction to order reimbursement of or credit[4] toward the aforementioned Georgia tort recovery, and that the ruling by the Georgia court decided the issue in 2015. Mr. LaPoint's Assignment of Error Number 2, the issue of employer/insurer credit against future workers' compensation benefits, is now moot due to Mr. LaPoint's death.

Mr. LaPoint sought to have the Georgia court rule that Stephens and C&I were not entitled to recover their subrogation claim for workers' compensation benefits paid both in Georgia and Louisiana. As discussed at length in this court's initial consideration in *LaPoint*, 323 So.3d 428 (citations omitted), the Georgia court ruled, in part, that:

> Under Georgia's workers' compensation statutory scheme, an employer or insurer's subrogation right is limited to benefits paid under Georgia's Workers' Compensation Act. Therefore, this Court finds that [Stephens and C&I] are 'precluded from asserting what might be a valid subrogation under [Louisiana] law["] and, therefore, cannot pursue in Georgia a subrogation claim for the benefits they paid under [] Louisiana law.

---

[4] Given Mr. LaPoint's recent death, we recognize that the entirety of Stephens' and C&I's claim going forward would be one for reimbursement.

3

The Georgia court subsequently determined that Stephens and C&I paid $7,282.03 to Mr. LaPoint under the Georgia Workers' Compensation Act, and that award is no longer in dispute.

Stephens and C&I thereafter filed their claim for reimbursement and credit in District 3 of the Louisiana Office of Workers' Compensation (OWC). Mr. LaPoint filed exceptions of lack of subject matter jurisdiction and no cause of action and was granted a stay while he sought to have the Georgia court's ruling denying Stephens' and C&I's workers' compensation subrogation claims given full faith and credit in the Fourteenth Judicial District Court, Calcasieu Parish.

Subsequently, the trial court in the Fourteenth Judicial District Court granted full faith and credit only to the Georgia court's judgment that provided for payment of the amounts paid on behalf of Mr. LaPoint under the Georgia Workers' Compensation Act, the amount of $7,282.03 as identified above. The district court also ordered that its "recognition of the above referenced Georgia Order does not dictate how a Louisiana Court might deal with a claim for reimbursement or credit that relates to a Louisiana compensation claim as those issues are not before the Court." Mr. LaPoint did not appeal that ruling.

The matter thereafter returned to the WCJ to rule on Mr. LaPoint's exceptions of lack subject matter jurisdiction and no cause of action by which Mr. LaPoint argued, as he continues to do on appeal, that the OWC does not have jurisdiction over Stephens' and C&I's claims for reimbursement or credit from the settlement funds originating from the Georgia third-party tort suit.

In opposition, Stephens and C&I maintained that the OWC had subject matter jurisdiction to consider either reimbursement or credit claims under La.R.S. 23:1035.1, which pertains to extraterritorial coverage, and pursuant to La.R.S.

23:1310.3(F), which pertains generally to a workers' compensation judge's jurisdiction over all claims or disputes arising out of the workers' compensation laws of this state.

The WCJ denied both exceptions, referencing the Georgia court's ruling. The WCJ reasoned that once Stephens and C&I filed their intervention in the Georgia court proceedings and a settlement was reached, jurisdiction was vested in the OWC to decide the workers' compensation intervention for payments made to Mr. LaPoint under the Louisiana Workers' Compensation Act pursuant to La.R.S. 23:1102 and La.R.S. 23:1103.

As indicated in the original review of this matter, the trial court denied both of Mr. LaPoint's exceptions. Mr. LaPoint took writs to both this court and the supreme court on the ruling of the WCJ. Both courts denied Mr. LaPoint's writ applications. *See Stephens TPS, Inc. v. LaPoint*, 18-471 (La.App. 3 Cir. 7/20/18) (an unpublished writ ruling). *See also Stephens TPS v. LaPoint*, 18-1394 (La. 10/8/18), 253 So.3d 799.

With the matter of subject matter jurisdiction seemingly resolved below, the WCJ considered the merits of Stephens' and C&I's claim for reimbursement and awarded a net reimbursement of $570,941.32. The WCJ also included an order providing Stephens and C&I with a claim for a credit for any future workers' compensation obligation in the amount of $2,095,735.36, which, as noted infra, is now moot due to Mr. LaPoint's death.

On appeal, Mr. LaPoint again returned to his claim that the OWC did not have subject matter jurisdiction over Stephens' and C&I's claim for either reimbursement or credit. As they did before, Stephens and C&I maintain that the OWC had subject matter jurisdiction pursuant to the "extraterritorial coverage" provision of La.R.S.

5

23:1035.1. They additionally reference the "law of the case" doctrine and suggest that this court should not revisit the earlier writ denials on the rulings of the exceptions of lack of subject matter jurisdiction and no cause of action. We first address this latter contention.

*Exception of Lack of Subject Matter Jurisdiction*

Louisiana Code of Civil Procedure Article 2 defines subject matter jurisdiction as "the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted." As the exception of lack of subject matter jurisdiction raises a question of law, it is reviewed on appeal *de novo* in order to determine whether the underlying ruling was correct. *See Adkins v. City of Natchitoches*, 14-491 (La.App. 3 Cir. 11/5/14), 150 So.3d 646.

Notwithstanding the prior ruling on the exception of res judicata, now vacated, this panel observed in the original opinion that subject matter jurisdiction "certainly existed for [the claimed] recovery that *may* have fallen outside of the Georgia litigation." *Citing* La.R.S. 23:1102 and La.R.S. 23:1103. The panel continued, however, and stated that, to the extent "the parties debate whether La.R.S. 23:1102 and La.R.S. 23:1103 permit … recovery for reimbursement and/or credits … their focus misses the mark *in this case*." *LaPoint*, 323 So.3d at 439 (emphasis in original).

On this latter point, this panel remarked on the unique nature of Stephens' and C&I's claim for reimbursement and credit[5] from the proceeds of Mr. LaPoint's tort

---

[5] We recognize that, in light of Mr. LaPoint's recent death, all forward-looking claims for credit are now moot. All claims are now ones for reimbursement. Accordingly, we below reverse the judgment to the extent it recognized a credit toward Stephens' and C&I's future workers' compensation obligation.

6

settlement against a principal/statutory employer and its employee. *Id.* Such a recovery by Mr. LaPoint would not have otherwise been available to an employee working in this state. *See, e.g.*, La.R.S. 23:1032; La.R.S. 23:1061. Thus, Mr. LaPoint would not have had a tort recovery at all against his principal/statutory employers or their employees in Louisiana. *See Allen v. State ex rel. Ernest N. Morial-New Orleans Exh. Hall Auth.*, 02-1072 (La. 4/9/03), 842 So.2d 373. *See also Berard v. The Lemoine Co., LLC*, 15-152 (La.App. 3 Cir. 7/8/15), 169 So.3d 839, *writ denied*, 15-1516 (La. 10/23/15), 179 So.3d 606. Mr. LaPoint's recovery of a lump-sum tort recovery from a foreign jurisdiction such as Georgia places Stephens' and C&I's claim for reimbursement and or credit outside of the anticipated procedure for such recovery under the Louisiana workers' compensation statutes.

Stephens and C&I correctly observe, however, that the "applicable jurisdictional grant" in this case is provided by La.R.S. 23:1310.3(F), which broadly indicates that:

> F. Except as otherwise provided by R.S. 23:1101(B), 1361, and 1378(E), *the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter* . . . .

(Emphasis added.)

Mr. LaPoint filed a claim for an increased workers' compensation indemnity benefit and for approval of a recommended surgical procedure under Louisiana law in this case, and Stephens and C&I unquestionably provided both indemnity and medical benefits under Louisiana workers' compensation law arising out of Mr. LaPoint's out-of-state work-related accident. Stephens and C&I were required to pay those benefits pursuant to the "extraterritorial coverage" extended to an

7

employee who is injured while working outside of Louisiana, but who was working pursuant to a contract made in this state. *See* La.R.S. 23:1035.1.

Stephens' and C&I's attempt to recoup those payments made pursuant to La.R.S. 23:1035.1 from the proceeds of Mr. LaPoint's settlement with the principal employer, its employee, and its insurer "arose" from its obligations under the Louisiana Workers' Compensation Act. Louisiana Revised Statutes 23:1310.3(F) therefore provides the explicit jurisdictional statement necessary for the adjudication of this case by the workers' compensation judge.

On this point, Mr. LaPoint recognized in his brief the import of La.R.S. 23:1031.3(F), but suggested that it negated a finding of subject matter jurisdiction. He argued that: "The key to this case appears in the very first words of La.R.S. 23:1310.3(F), the statute governing the OWC's jurisdiction: 'Except as otherwise provided by R.S. 23:1101(B) …'" Mr. LaPoint continued, explaining that these "very first words of the statute giving the OWC jurisdiction over workers['] compensation matters excludes reimbursement claims. [La.R.S.] 23:1101(B) states the employer 'may bring suit **in district court**' 'to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents.'" (Emphasis added.)

Mr. LaPoint, however, omitted from his quotation the critical portion of La.R.S. 23:1101(B). It provides that an employer "may bring suit in district court *against such third person* to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents." Louisiana Revised Statutes 23:1101(B) is inapplicable in this unique case as a principal employer is excluded from the definition of "third person" as provided by La.R.S. 23:1101(A).

In this regard, La.R.S. 23:1101 provides for "[e]mployee and employer suits against third persons" and provides a procedure for such a suit. However, it defines "third person" as "some person … *other than those persons against whom the said employee's rights and remedies are limited in R.S. 23:1032*[.]" La.R.S. 23:1101(A) (emphasis added). By operation of both La.R.S. 23:1032 and La.R.S. 23:1061, Mr. LaPoint's "rights and remedies" against the principal/statutory employer, and by extension its employee, would have been precluded.[6]

We further note that Mr. LaPoint asserted that La.R.S. 23:1101(B) dictates that adjudication of a reimbursement claim be "in a district court which is Georgia where [he] was working, injured, and filed his tort suit." He suggested that Stephens "knows this, which is why they intervened in the Georgia suits in the first place." However, by its per curiam remanding this matter, the supreme court specifically precluded Mr. LaPoint's proposition, stating: "Because the Georgia court's jurisdiction extended to workers' compensation claims that arose from payments made under Georgia workers' compensation law only, the Georgia court lacked jurisdiction to adjudicate Stephens' and CII's reimbursement claims for benefits paid under the LWCA." *LaPoint*, 328 So.3d at 64.

In light of the supreme court's jurisdictional instruction regarding the limits of the Georgia court's authority, and the express conveyance of jurisdiction provided

---

[6] Counsel for Mr. LaPoint concedes this point in his brief on remand. Likewise, Stephens and C&I point out that its reimbursement claim was *not* brought under La.R.S. 23:1101, *et seq.*

We continue with a discussion of the original assignment of error, however, as the supreme court remanded this matter with instruction "to consider any assignments of error raised on appeal by Robert LaPoint." *LaPoint*, 328 So.3d at 64 (footnote omitted). While this panel considers the original assignments of error as instructed, the panel is informed by the parties' additional briefing as permitted on remand.

by La.R.S. 23:1310.3(F) "to all claims or disputes out of this Chapter …[,]" we are constrained to deny Mr. LaPoint's assignment of error.

We recognize that, on this latter point, counsel for Mr. LaPoint contends that, because Stephens' and C&I's reimbursement claim is not specifically provided for by the Workers' Compensation Act or "specifically anywhere in Louisiana law," it cannot be considered to be one "arising out of this Chapter . . . ." That argument, however, overlooks the wording of the jurisdictional statement of La.R.S. 23:1310.3(F), which provides that:

> [T]he workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, *including but not limited to* workers' compensation insurance coverage disputes, group self-insurance indemnity contract disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers or self-insurance group funds for indemnification or contribution, concursus proceedings pursuant to Louisiana Code of Civil Procedure Articles 4651 et seq. concerning entitlement to workers' compensation benefits, payment for medical treatment, or attorney fees arising out of an injury subject to this Chapter.

(Emphasis added.) Notably, the delineated claims or disputes in Paragraph (F) is not exclusive. The legislature instead specifically indicated that covered claims or disputes arising out of the Chapter "include" the listed disputes but are not otherwise limited thereby. That legislative statement was by 1997 La. Acts No. 94, § 1, which became effective *after* the jurisprudence cited by counsel for Mr. LaPoint for the proposition that Stephens' and C&I's claim does not arise under the Workers' Compensation Act.[7] *See Sampson v. Wendy's Mgmt. Inc.*, 593 So.2d 336 (La.1992);

---

[7] Prior to the 1997 amendment, the jurisdictional statement of La.R.S. 23:1310.3 provided that: "Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the hearing officer shall be vested with original, exclusive jurisdiction over all claims or disputes arising out this Chapter[.]"

*Grant v. Natchitoches Manor Nursing Home*, 96-1546 (La.App. 3 Cir. 5/14/97), 696 So.2d 73, *writ denied*, 97-1582 (La. 10/17/97), 701 So.2d 1330; *Jackson v. Am. Mut. Liab. Ins. Co.*, 95-1359 (La.App. 3 Cir. 6/12/96), 676 So.2d 716, *writ denied*, 96-2371 (La. 12/6/96), 684 So.2d 927; *Cajun Bag & Supply v. Baptiste*, 94-1218 (La.App. 3 Cir. 3/1/95), 651 So.2d 943.

Other cases cited by counsel for Mr. LaPoint in brief on remand involve situations in which avenues beyond Title 23 allowed the aggrieved party to seek relief. *See Broussard Physical Therapy v. Family Dollar Stores, Inc.*, 08-1013 (La. 12/2/08), 5 So.3d 812; *Gunderson v. F.A. Richard & Assoc., Inc.*, 07-331 (La.App. 3 Cir. 2/27/08), 977 So.2d 1128, *writs denied*, 08-1063, 08-1069, 08-1072 (La. 9/19/08), 992 So.2d 953; and *Covington v. A-Able Roofing, Inc.*, 95-1126 (La.App. 3 Cir. 3/6/96), 670 So.2d 611. The supreme court recently addressed this latter factual scenario in determining that an insured's claim for penalties against its workers' compensation insurer properly rests with the district court as the underlying claim for breach of the duty of good faith arises from the contractual and fiduciary relationship between the insured/insurer. *Cox, Cox, Filo, Camel & Wilson, LLC v. La. Workers' Comp. Corp.*, 21-566 (La. 3/25/22), _ So.3d _ (2022 WL 884029) (citing, in part, *Smith v. Citadel Ins. Co.*, 19-52 (La. 10/22/19), 285 So.3d 1062). This case is not such a matter. Neither party points to an apparent contractual or legal remedy permitting Stephens' and C&I's to seek reimbursement of the workers' compensation benefits outside of Title 23. Counsel for Mr. LaPoint, in fact, explains that none exists.

Rather, while Stephens' and C&I's claim is not strictly one "for recovery for overpayment of benefits" as specifically referenced in La.R.S. 23:1310.3(F), it is one for recovery of benefits which were redundant of funds received by Mr. LaPoint

11

in his Georgia settlement. Although this case has a convoluted procedural history in light of the Georgia proceedings, the instant claim is actually straightforward: 1) Stephens and C&I provided benefits to Mr. LaPoint as required under Title 23, and 2) they now seek reimbursement of their workers' compensation payments to the extent that Mr. LaPoint also received a tort recovery by way of the Georgia settlement as a result of an accident giving rise to the claim by Mr. LaPoint for Louisiana workers' compensation benefits. No statutory regime outside of the Workers' Compensation Act is specific to an employer's recovery of workers' compensation benefits paid but which are duplicative of funds otherwise received by a claimant arising from a compensable workers' compensation accident. We conclude that it therefore follows that the present dispute falls under the limited grant of jurisdiction to the Office of Workers' Compensation as set forth in La.R.S. 23:1310.3(F).

For these reasons, we maintain the workers' compensation judge's denial of Mr. LaPoint's exception of lack of subject matter jurisdiction, although due to Mr. LaPoint's death we reverse the workers' compensation judge's ruling to the extent it recognized Stephens' and C&I's right to a credit toward their future workers' compensation obligation.

## CONCLUSION

On remand from the Louisiana Supreme Court, and pursuant to that Court's remand instructions, we are constrained to affirm in part the ruling of the Workers' Compensation Judge in the underlying judgment of November 26, 2019 awarding Stephens TPS, Inc. and Commerce & Industry Insurance Company the sum of

12

$570,941.00[8] for reimbursement of workers' compensation benefits paid on behalf of Mr. Robert LaPoint, plus legal interest from the date of the November 26, 2019 judgment until paid.

Due to the death of Mr. Robert LaPoint on July 28, 2021, we reverse as moot that portion of the workers' compensation judge's November 26, 2019 judgment which awarded Stephens TPS, Inc. and Commerce & Industry Insurance Company the sum of $2,095,735.36 credit toward their future workers' compensation obligation.

One half of all costs is assessed to Stephens TPS, Inc. and Commerce & Industry Insurance Company, and the remaining one half of costs is assessed to Mr. Robert LaPoint's successors, Katelyn LaPoint, Ashlyn LaPoint, and Chelsea LaPoint, as proper party plaintiffs.

**AFFIRMED IN PART; REVERSED IN PART.**

---

[8] In rendering judgment, the WCJ relied in part on the parties' pre-trial stipulations and explained her calculation in awarding the reimbursement as follows:

> The monies held in escrow in the amount of $863,695 minus the amount paid under the Georgia workers' compensation act in the amount of $7,283.03 equals $856,411.97. A one-third reimbursement for the [M]oody fee is $285,470.65, leaving a reimbursement to the defendant, Stephens TPS, and [Commerce & Industry Insurance Company] in the amount of $570,941.